US District Court for New Jersey (Trenton)

)   Craig Cunningham

)   Plaintiff, pro se

)

)          v.

RECEIVED

MAR 20 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**CIVIL ACTION NO.** 3:17-cv-13050

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan,  EBF Partners, LLC, Webbank Corporation, Brian Ebersole, Eric Oakley, and JGRD, Inc., Retail Capital, Inc., dba Credibly

)   Defendants.

### Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was present has a mailing address of 5543 Edmondson Pike, ste 248 Nashville, TN 37211

2. Capital Advance Solutions, LLC is a New Jersey Corporation operating from 1715 State Rt. 35, ste 302, Middletown, NJ 07748 and can be served at the same address .

3. Geoffrey Horn is a corporate officer of Capital Advance Solutions and can be served at 2 Water St., Apt 10E, New York, New York 10004

4. Charles Betta is a corporate officer of Capital Advance Solutions and can be served at 3 Oldwick Court, Leonardo, NJ 07737.

5. Dan Logan is the CFO of Capital Advance Solution and can be served at 1715 State Rt. 35, ste 302, Middletown, NJ 07748

1

6. EBF Partners, LLC is a New york corporation that can be served via registered agent, National Registered Agents, Inc, 111 8th Ave, New York, New York, 10011.

7. WebBank Corporation is a utah Corporation with a registered agent of George Sutton and can be served c/o Jones Waldo, Holbrook, and McDonough, 170 So. Main Ste 1500, Salt Lake City, UT 84101

8. Brian Ebersole is a natural person who can be served at 2204 Cliff Drive Newport Beach, CA 92663.

9. Eric Oakley is a natural person and resident of California who can be served at 2973 Harbor Blvd., # 263 Cota Mesa, CA 92626 and is responsible for the calls placed by Velocity Information Corp.

10. JGRD, Inc. is a Pennsylvania corporation with its principal offices in Pennsylvania and can be served via Corporate officers Charles Jospe Garis at 3932 Shainline Ct., Collegeville, PA 19426 or Randy Delp at the same address. The corporate address is listed as 1026 Jefferson St., Red Hill, PA 18076.

11. Retail Capital, LLC dba Credibly is a New York Corporation registered to do business in Michigan and can be served via registered agent Brian Raznick at 27777 Franklin Road, ste 2500 Southfield, MI 48034 or 1250 Kirts Blvd., ste 100 Troy, Michigan 48084.

### Jurisdiction

12. Jurisdiction of this court arises as the defendants reside and conduct business in New Jersey and Capital Advance is a New Jersey Corporation. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

13. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts from the forum state

of New Jersey. The telephone calls which led to the violations of alleged here originated in New Jersey.

14. Defendants EBF, Credibly, and Webbank has purposefully availed themselves of the benefits and protections of New Jersey law by making loans to businesses in New Jersey, marketing to businesses in New Jersey, and by participating in court actions in New Jersey, including bankruptcy actions. Based on the marketing activities conducted on behalf of Defendant EBF through a contact between Defendants EBF, Credibly, and Webbank and Capital Advance, the Plaintiff was contacted illegally, for which he brings this present lawsuit.

15. Defendants EBF, Credibly, and Webbank regularly makes loans to New Jersey corporations and conducts business including marketing to New Jersey businesses. Defendants EBF, Credibly, and Webbank also has contracted with Defendant Capital Advance Solutions to conduct marketing and obtain customers for Defendants EBF, Credibly, and Webbank that are interested in obtaining loan products from Defendant EBF through Defendant Capital Advance as an intermediary. Defendant EBF pays Defendant Capital Advance commission fees for each and every client obtained by Defendant Capital Advance for Defendant EBF.

## FACTUAL ALLEGATIONS

### Calls from Capital Advance Solutions

16. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone, which was 615-212-9191. These calls were clearly automated and

3

made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator and delivered a pre-recorded message.

17. Calls were placed to the Plaintiff's cell phone 615-212-9191 by or on behalf of Capital Advance Solutions, LLC at the direction of Geoffrey Horn, Charles Betta, and Daniel Logan for the ultimate benefit of EBF Partners, LLC and Credibly, LLC and Webbank

18. The pre-recorded message said *"Stop and and listen. Do you need immediate cash? Need additional working capital? No collateral? No fixed payments? Bad Credit? No problem. Press 1 to be connected. Press 2 if you are not interested"*

19. The Plaintiff was asked a few qualifying questions and was then transferred live to Mike Tabasco, an employee of Capital Advance Solutions.

### Calls by Capital Advance

20. The Plaintiff has identified some 31 calls, most of which are detailed below. The Plaintiff is still in the process of researching calls and may very well find additional calls for which the defendants are liable:

| Caller ID | Date All in 2015 | 21 calls |
|---|---|---|
| 734-265-9115 | 10/20/2015, | inbound |
| | 10/12/2015 | inbound |
| | 10/14/2015 | inbound |
| | 10/19/2015 | inbound |
| 551-666-4992 | 12/10/2015 | inbound |
| 732-865-8040 | 03/25 | inbound |
| | 03/26 | inbound |
| | 04/01 | inbound |
| | 04/03 | inbound |
| | 04/06 | inbound |

| | 04/07 | inbound |
|---|---|---|
| | 04/10 | inbound |
| | 04/13 | inbound |
| | 04/21 | inbound |
| | 07/24 | inbound |
| | 07/29 | inbound |
| | 10/22 | inbound |
| | 10/26/2015 Twice | inbound |
| | 11/02 | inbound |
| 609-457-9175 | Text message Mike Tabasco | inbound |

21. The Plaintiff also identified the end users or "sellers" of the loan products offered by Capital Advance Solutions as Credibly, LLC and WebBank which jointly provide business loans and EBF Partners, LLC. Additionally, Credibly placed calls to the Plaintiff cell phone, although the Plaintiff is still in the process of identifying all the calls from Defendant Credibly that they directly placed.

22. Credibly, LLC and WebBank are liable under the theory of vicarious liability under the doctrines of actual authority, apparent authority, and ratification. The Plaintiff applied for a loan through Capital Advance Solutions only to identify the end users, and received a rejection letter from Credibly/WebBank which states: *"Thank you for applying to us for credit through Capital Advance Solutions"* on Credibly, LLC letterhead listing the address of Credibly at 1250 Kirts Blvd., ste 100, Troy, Michigan 48084, dated March 1, 2016.

23. EBF Partners, LLC was implicated in this illegal conduct as they sent the Plaintiff a contract to loan money to the Plaintiff with the date of 10/19/2016 in the name of Everest Business Funding. The contract was an offer to lend $30,000 with a payback of $41,100 and daily payment of $289.44. The contract indicated it was

5

from EBF Partners, LLC with an address of 5 West 37th street, 2nd Floor, New

York, New York 10018. The 18 page contract included an application from

Capital Advance Solutions at the very end indicating that Capital Advance

Solutions was the broker that sent the loan to EBF Partners, LLC.

24. Based on information disclosed in the previous lawsuit, that the Defendants

obtained the Plaintiff's cell phone from a lead broker that provided inaccurate

information about the Plaintiff being interested in a business loan. Buying leads

fails to convey express written consent, particularly when the individual called is

not the right person. The Plaintiff never gave the lead broker or any of the

defendants his cell phone number  and never gave express or implied consent for

the defendants or any lead brokers to call his cell phone using an automated

telephone dialing system or with a pre-recorded message.

25. The Defendants would have had to obtained the Plaintiff's signature clearly

authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls

to be permitted under the law, and the Plaintiff has signed no such document for

the defendants.

26. Defendants EBF, Credibly, and WebBank essentially hired Defendant Capital

Advance to break the law on their behalf by placing illegal telemarketing calls to

consumers for which Defendants EBF, Credibly, and WebBank  would profit.

27. Defendant Credibly and Capital Advance Solutions are directly liable for each

and every call as they arranged for the phone calls to be placed on their behalf and

is considered a "Seller" under the FCC's guidance and TCPA.

6

**Personal liability of Geoffrey Horn, Charles Betta, and Dan Logan**

28. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of Capital Advance Solutions.

29. The corporate officers personally decided to hire, pay, selected the telemarketers being used, and ultimately secured the telemarketing services of Brian Ebersole, Eric Oakley, and JGRD, Inc., as part of a massive robocalling operation nationwide. Geoffrey Horn, Charles Betta, and Dan Logan knew their dialing campaign would be illegal, but intentionally decided to engage in the illegal actions regardless.

30. Geoffrey Horn, Charles Betta, and Dan Logan stood idly by while hundreds of thousands of illegal robocalls were placed on behalf of their lenders to sell loan services when a reasonable person would have stopped the calls from happening.

**Liability of Brian Ebersole, Eric Oakley, and JGRD, Inc.,**

31. These entities are the actual companies or executives of defunct companies that dialed the calls to the Plaintiff at the direction of Dan Logan, Geoffrey Horn, Charles Betta, and Capital Advance Solutions on behalf of Defendants EBF, Retail Capital, and Webbank.

32. These individual defendants knowingly placed the illegal calls to the extent that Brian Ebersole and Eric Oakley were sued by the FTC to stop a "Massive Robocalling operation" according to the press release from the FTC.

**The Plaintiff's Cell phone is a residential line**

33. The text messages were to the Plaintiff's cellular phonne 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household

use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## VICARIOUS LIABILITY

### Actual Authority

34. Defendants EBF, Credibly, and WebBank are also vicariously liable under the FCC's ruling according to the traditional agency principles to include actual authority, apparent authority, and ratification.

35. Defendants EBF, Credibly, and WebBank are liable under actual authority as they directly hired Defendant Capital Advance Solutions to place illegal telephone calls and authorized the illegal telephone calls.

36. Defendants EBF, Credibly, and WebBank contracted and with Defendant Capital Advance Solutions for the purposes of placing automated calls with pre-recorded messages to consumers.

### APPARENT AUTHORITY

37. Defendants EBF, Credibly, and WebBank are liable under apparent authority as a reasonable person would have understood that Defendant Capital Advance

Solutions as an agent for EBF, Credibly, and WebBank had authority to act on
their behalf by placing telephone calls to consumers including the Plaintiff. Based
on the contracts that include the application with Capital Advance Solutions, this
evidence links the conduct of Capital Advance Solutions with the loans offered by
the respective lender defendants.

## RATIFICATION

38. Defendants EBF, Credibly, and WebBank are liable under the theory of
ratification as they knowingly acceptend the benefits and profits of the illegal
conduct and approved of the illegal telephone calls in this case. Defendants EBF,
Credibly, and WebBank had actual prior knowledge that Defendant Capital
Advance was conducting a nationwide robocalling campaign targeting consumers
and businesses to pitch their loan products. Multiple complaints and lawsuits
predate the Plaintiff's lawsuit, including class action lawsuits. Despite this,
defendants EBF, Credibly, and Webbank continued to do business with Capital
Advance Solutions.

**39.** The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of
$1500 for making calls using an automated telephone dialing system and
containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR
64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an
additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR
64.1200(d)(4) as the defendants failed to have a a written policy regarding
telemarketing, trained personnel who engage in telemarketing, failed to identify

the seller and telemarketers, and failed to maintain a do-not-call list. In total, the

Defendants owe the Plaintiff $3,000 per call.

### Invasion of Privacy-Intrusion of Seclusion

40. The Defendants intentionally intruded on the Plaintiff's solitude by placing over

20 phone calls to the Plaintiff particularly after being sued and on clear notice that

the Plaintiff did not want to be called on 615-212-9191.

41. The Defendants intruded on the Plaintiff's right to be left alone calling multiple

times per day in some instances, hounding the Plaintiff when they knew that the

Plaintiff was not interested in their services and wanted to be left alone.

42. Any ordinary person would be highly offended by being repeatedly called

particularly after previously suing the same individual for harassing and annoying

phone calls. The intrusion is illegal, unjustified, and unreasonable.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

43. Defendant's calls and text messages harmed Plaintiff by causing the very harm
that Congress sought to prevent—a "nuisance and invasion of privacy."

44. Defendant's calls and  text messages harmed Plaintiff by trespassing upon and
interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

45. Defendant's  calls and text messages harmed Plaintiff by trespassing upon and
interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

46. Defendant's calls and  text messages harmed Plaintiff by intruding upon
Plaintiff's seclusion.

47. The proximate cause of the following injuries are related to the calls and text
message

10

48. The Plaintiff has been harmed, injured, and damages by the calls and text message including, but not limited to:

- Reduced Device Storage space

- Reduced data plan usage

- Invasion of privacy

- Lost time tending to text messages

- Decreased cell phone battery life

- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone

- Reduced battery usage

- Annoyance

- Frustruation

- Anger

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

49.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

50.  The foregoing actions by the Defendants constitute multiple breaches of the
TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's
cell phone that lacked the name or address of the entity placing the phone calls in
violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR
64.1200(d)(4), failing to have a written policy regarding telemarketing, failing to
maintain a do-not-call list, and failing to have trained personnel who engage in
telemarketing.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

51.  Plaintiff Cunningham incorporates by reference all of the above paragraphs of
this complaint as though fully stated herein.

52.  The foregoing actions by the Defendants constitute multiple breaches of the
TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell
phone. These phone calls also violated the TCPA by being automated as defined
by the TCPA in violation of 47 USC 227(b)

## CAUSES OF ACTION:

## COUNT III

## Invasion of Privacy-Intruion on Seclusion

12

53. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

54. The foregoing actions by the Defendants constitute multiple intrusions upon the seclusion of the Plaintiff.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Actual damages as determined at trial

D. Pre-judgment interest from the date of the phone calls.

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham
Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977

3/14/2018

14

US District Court for New Jersey (Trenton)

)   Craig Cunningham

)   Plaintiff, pro se

)

)          v.

**CIVIL ACTION NO.** 3:17-cv-13050

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan,  EBF Partners, LLC, Webbank Corporation, Brian Ebersole, Eric Oakley, and JGRD, Inc., Retail Capital, Inc., dba Credibly

### Plaintiff's Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the defendants of record in this case on USPS first class mail on 3/14/2018

Craig Cunningham
Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977

3/14/2018

15



**EVEREST**
BUSINESS FUNDING

## PAYMENT RIGHTS PURCHASE AND SALE AGREEMENT

This Payment Rights Purchase and Sale Agreement ("Agreement") dated __10/19/2016__, is made by and between EBF Partners, LLC ("EBF"), and the business identified below ("Seller").

### SELLER'S INFORMATION

| LEGAL BUSINESS NAME | GRANITE ENTERPRISES, LLC | | | | | | |
|---|---|---|---|---|---|---|---|
| D/B/A | | | | | | | |
| TYPE OF BUSINESS ENTITY | Corp. | | Limited Liability Company | X | Partnership | | Limited Partnership |
| | Limited Liability Partnership | | | | Sole Proprietorship | | Other: |
| PHYSICAL ADDRESS | 4120 NOLENSVILLE PIKE | | | | | | |
| City | NASHVILLE | | | | State | TN | Zip 37211 |
| MAILING ADDRESS | 4120 NOLENSVILLE PIKE | | | | | | |
| City | NASHVILLE | | | | State | TN | Zip 37211 |
| Contact Name | CRAIG CUNNINGHAM | | | Position | | | |
| Business Phone | 615-348-1977 | | | Cell Phone | | | |
| Email | | | | Website | | | |
| Date Business Started | 2006 | | Federal Tax ID | | | | |
| Monthly Average Sales $ | $73,674.67 | | Annual Sales $ | | $884,096.00 | | |

### OFFER TO SELL AND PURCHASE PAYMENT RIGHTS

Seller hereby sells, assigns and transfers to EBF, without recourse (except upon an Event of Default defined in Section 3 of the SELLER AGREEMENT TERMS AND CONDITIONS), upon payment of the Purchase Price, the Specified Percentage of the proceeds of each future sale by Seller (collectively "Future Receipts") until the Purchased Amount has been delivered to EBF by or on behalf of Seller. "Future Receipts" includes all payments made by cash, check, ACH or other electronic transfer, credit card, debit card, bank card, charge card (each such card shall be referred to herein as a "Credit Card") or other form of monetary payment in the ordinary course of Seller's business. BASED UPON SELLER'S CALCULATIONS AND EXPERIENCE IN OPERATING ITS BUSINESS, SELLER IS CONFIDENT THAT THE PURCHASE PRICE PAID BY EBF IN EXCHANGE FOR THE PURCHASED AMOUNT OF FUTURE RECEIPTS WILL BE USED IN A MANNER THAT WILL BENEFIT SELLER'S CURRENT AND FUTURE BUSINESS OPERATIONS.

| Purchase Price $ | $30,000.00 | Purchased Amount $ | $41,100.00 | Daily Payment $ | $289.44 | Specified Percentage | 15 % |
|---|---|---|---|---|---|---|---|
| Daily Payment = (Monthly Average Sales X Specified Percentage ) / Average Weekdays in a Calendar Month | | | | | | | |

Seller shall (1) deposit all Future Receipts into only one bank account, which must be acceptable to and pre-approved by EBF (the "Account") and (2) instruct Seller's credit card processor, which processor must be acceptable to and pre-approved by EBF (the "Processor") who shall serve as Seller's sole credit card processor, to deposit all Credit Card receipts of Seller into the Account. EBF will debit the Daily Payment from the Account each Weekday (Monday – Friday). Seller authorizes EBF to initiate electronic checks or ACH debits from the Account equal to the Daily Payment each Weekday (see section 1.1(e) Bank Holidays and Other Exceptions) and will provide EBF with all required access codes. Seller understands that it is responsible for ensuring that the Daily Payment is available in the Account and will be responsible for any fees incurred by EBF resulting from a rejected electronic check or ACH debit attempt. EBF is not responsible for any overdrafts or rejected transactions that may result from EBF's debiting any amount authorized under the terms of this Agreement. The Daily Payment amount is intended to represent the Specified Percentage of Seller's Future Receipts. Seller may request that EBF reconcile Seller's actual receipts by either crediting or debiting the difference back to or from the Account so that the amount EBF debited in the most recent calendar month equaled the Specified Percentage of Future Receipts that Seller collected in that calendar month. Any reconciliation request must be: (1) in writing; (2) include a copy of Seller's bank statement for the calendar month at issue; and (3) be sent to EBF at 5 West 37th Street, 2nd Floor, New York NY 10018 within 30 days after the last day of the calendar month at issue. It is solely the Seller's responsibility to send a complete bank statement. Failure to send a written reconciliation request within 30 days after the last day of the calendar month at issue forfeits that month's reconciliation. Notwithstanding anything to the contrary in this Agreement or any other agreement between EBF and Seller, upon the occurrence of an Event of Default, the Specified Percentage shall equal 100%. A list of all fees applicable under this Agreement is contained in Appendix A.

THE "PAYMENT RIGHTS PURCHASE AND SALE AGREEMENT TERMS AND CONDITIONS" AND THE "SECURITY AGREEMENT AND GUARANTY" ARE ALL HEREBY INCORPORATED IN AND MADE A PART OF THIS PAYMENT RIGHTS PURCHASE AND SALE AGREEMENT.

| FOR THE SELLER #1 | (PRINT NAME & TITLE BELOW) | SIGNATURE | (SIGN BELOW) | MUST SIGN AS SELLER |
|---|---|---|---|---|
| | | (X) | | |
| FOR THE SELLER #2 | (PRINT NAME & TITLE BELOW) | SIGNATURE | (SIGN BELOW) | |
| | | (X) | | |
| FOR THE OWNER / GUARANTOR #1 (PRINT NAME & TITLE BELOW) | | SIGNATURE | (SIGN BELOW) | MUST SIGN AS OWNER ALSO |
| | | (X) | | |
| FOR THE OWNER / GUARANTOR #2 (PRINT NAME & TITLE BELOW) | | SIGNATURE | (SIGN BELOW) | |
| | | (X) | | |

HC# 4851-0728-1179
ISO#299/Deal#283047/10192016

1

Initial Here (X)