US District Court of New Jersey (Trenton)

)    Craig Cunningham

)    Plaintiff, pro se

)

)       v.

RECEIVED

MAR 20 2018

AT 8:30
WILLIAM T. WALSH —M
CLERK

CIVIL ACTION NO. 3:17-cv-13050-FLW-DEA

)

)    Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, Dianne Betta, EBF Partners, LLC

)    Defendants.

## Plaintiff's Response in Opposition to Defendant Capital Advance Solutions Motion for a Judgment on the pleadings

1. The Plaintiff files this response in opposition to the Defendant Capital Advance Solution's Motion for a Judgment on the pleadings:

### The Plaintiff's claims should not be dismissed pursuant to FRCP 12(c)

2. As an initial issue, the timeframe for the pleadings to be amended is not closed, so a motion predicated on rule 12(c) is premature at this stage. There are still material issues of fact to be determined, such as the involvement and actions of the individual defendants for which the Defendants now seek dismissal of.

### Count 1 of the complaint should not be dismissed for failure to state a claim

3. The Defendants are simply flat wrong. 47 CFR 64.1200(d) absolutely applies to cellular phones. The Defendants are apparently conflating "landline" phones with "residential" phones, but the FCC and 47 CFR 64.1200 define this:

1

*4. 47 CFR 64.2305 - Definitions:*

*(b) Business subscriber. Business subscriber refers to a subscriber to telephone exchange service for businesses.*

*(d) Residential subscriber. Residential subscriber refers to a subscriber to telephone exchange service that is not a business subscriber.*

5. The Defendants simply state with no statutory or caselaw support that 47 CFR 64.1200(d) doesn't apply to cell phones, and Courts have ruled otherwise. Furthermore, the Plaintiff's cell phone is paid for by the Plaintiff's personal accounts and is not a business subscriber of the phone service, which means it is by default a residential subscriber line.

6. Multiple courts have clearly stated that a cell phone can be alleged to be a "residential number" in a complaint: *"It may be that in some cases an individual who relies on a cellular phone may nevertheless fall within the definition of a "residential telephone subscriber" under the act. The Plaintiff must establish that his cellular phone number is used for residential purposes. See Lee v. Loandepot.com, LLC, No. 14-CV-01084-EFM, 2016 WL 4382786, at \*6 (D. Kan. Aug. 17, 2016"* as the court held in Cunningham v Rapid Response Monitoring , MD Tennessee 251 F.Supp.3d 1187 (2017).

7. Just because the Plaintiff recieved the text messages and calls on a cell phone doesn't automatically foreclose on the issue of liability under 47 CFR 64.1200, and as the Plaintiff does not maintain a landline phone and only uses a cell phone at his residence, the Plaintiff's phone is obviously  residential line as it is not owned in the name of any business. The Plaintiff has pled that his cell phone is his residential phone in the amended complaint, which is sufficient to state a claim.

**The individual defendants should not be dismissed as the Plaintiff has alleged sufficient facts in his amended complaint.**

2

8. The Plaintiff has filed an amended complaint pursuant to rule 15(c) of the Federal Rules of civil procedure which contains additional allegations against the individual defendants that are more than sufficient to state a claim against them. For this reason, the Plaintiff's claims against the individual defendants should not be dismissed.

9. The individual defendants are corporate officers and managers of the company and made decisions on both which lenders to use and how to market the services of Capital Advance Solutions, both are central issues in this case.

10. Furthermore, corporate officers have routinely been held liable under the TCPA by courts around the country going back several years. Peircing the corporate veil is completely irrelevant when the corporate officers had direct, personal participation in the actions complained of or failed to take action to stop the illegal conduct.

11. *"Although courts in the Second Circuit have yet to weigh in on the issue of personal liability under the TCPA, a number of other federal district courts have concluded that individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct."Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc. , No. 3:12 CV 2257, 2014 WL 1333472, at \*3 (N.D.Ohio Mar. 28, 2014); Universal Elections, 787 F. Supp. 2d at 416 (reasoning that "if anindividual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."); Baltimore-Washington Tel. Co. v. Hot*

*Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008); *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). In reaching this conclusion, these courts relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898[1]

Respectfully submitted,

Craig Cunningham
Plaintiff,

Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977 3/15/2018

---

[1] *Bais Yaakov of Spring Valley v. Graduation Source, LLC et al*, No. 7:2014cv03232 - Document 68 (S.D.N.Y. 2016), see Exhibit A

4

US District Court of New Jersey (Trenton)

)   Craig Cunningham

)   Plaintiff, pro se

)

)         v.

CIVIL ACTION NO. 3:17-cv-13050-FLW-DEA

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, Dianne Betta, EBF Partners, LLC

)   Defendants.

### Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the defendants of record in this case via USPS first class mail and Chris Devanny, Kent and McBridge, PC 555 Route 1 South, ste 440, Iselin, NJ 08830 and Jeffrey Bronster, 17 Wendell Place, Fairview, NJ 07022 and Donald Maurice, 5 Walter E. Foran Blvd., ste 2007, Flemington, NJ 08822

Craig Cunningham
Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977  3/15/2018

5