**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>Plaintiff, pro se,<br><br>v.<br><br>CAPITAL ADVANCE SOLUTIONS, LLC, GEOFFREY HORN, CHARLES BETTA, DANIEL LOGAN, EBF PARTNERS, LLC, WEBBANK CORPORATION, RETAIL CAPITAL, LLC DBA CREDIBLY,<br><br>Defendants. | Civil Action No. 17-13050-FLW-DEA |

**DEFENDANTS CAPITAL ADVANCE SOLUTIONS, GEOFFREY HORN, CHARLES BETTA AND DANIEL LOGAN'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Christopher D. Devanny, #3719
Kent + McBride, P.C.
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
(732) 326-1711
cdevanny@kentmcbride.com
*Attorneys for Defendants,*
*Capital Advance Solutions, Geoffrey Horn,*
*Charles Betta and Daniel Logan*

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT .......................... 5

III. ARGUMENT .......................................................................................... 6

A. Defendants' Motion for Judgment on the Pleadings is Not Premature and Should Be Granted. .......................................................................... 6

B. Count One of Plaintiff's Complaint Must Be Dismissed Because Plaintiff Fails to Allege Facts Sufficient to Support a Claim for Relief Under 47 U.S.C. § 227(c)(5), As Codified By 47 C.F.R. § 64.1200(d)(4). ............................... 7

C. Plaintiff's Complaint Should Be Dismissed as Against Defendants Geoffrey Horn, Charles Betta and Daniel Logan. .................................................... 9

D. Plaintiff's Amended Complaint Fails to State Facts Sufficient to Prove He Uses His Cellular Telephone in the Capacity of a Residential Subscriber, as Defined Within the TCPA. ........................................................................ 11

E. Plaintiff's Amended Complaint Fails to State Facts Sufficient to Support a Claim for Relief Against Defendants Geoffrey Horn, Charles Betta and Daniel Logan. ........................................................................................ 12

IV. CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

**Federal Cases:**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .............................................. 6

*Cunningham v. Rapid Response Monitoring Servs.*
251 F. Supp. 3d 1187, 1201 (2017) .................................................................... 8, 10, 13

*In re Synchronoss Secs. Litig.*,
705 F. Supp. 2d 367 (3d Cir. 2010) .................................................................... 7

*Maryland Cas. Co. v. Johnson Servs., LLC*,
61 F. Supp. 3d 461 (3d Cir, 1991) ...................................................................... 6

*Payan v. Greenpoint Mortgage Funding*,
681 F. Supp. 2d 564 (3d Cir. 2010) .................................................................... 6

*Syncsort Inc. v. Sequential Software, Inc.*
50 F. Supp. 2d 318, 325 (1999) .......................................................................... 7

**State Cases:**

*Lyon v. Barrett*,
89 N.J. 294 (1982) ............................................................................................ 11

*State Dept. of Envtl. Prot. v. Ventron Corp.*,
94 N.J. 473 (1983) ............................................................................................ 11

**Federal Statutes:**

47 U.S.C.
§ 227(c)(5) ........................................................................................................ 5, 8

47 C.F.R.
§ 64.1200(d) and (d)(4) ..................................................................... 5, 7, 8, 11, 12

47 C.F.R.
§ 64.2305(b) and (d) ............................................................................... 7, 8, 11, 12

**Rules:**

Federal Rules of Civil Procedure
12(a), (b) and (c) ........................................................................................ 4, 5, 6, 9
15(a) and (c) ................................................................................................... 9, 10

## I. PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT

In support of their Motion for Judgment on the Pleadings, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan demonstrated:

(1) Count One of plaintiff's complaint fails to allege facts sufficient to support a claim for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4), because the cited statutory provisions pertain to residential telephone subscribers and plaintiff alleges receipt of automated telephone calls on his cellular telephone.

(2) Defendants Geoffrey Horn, Charles Betta and Daniel Logan are entitled to dismissal because plaintiff's complaint fails to allege facts sufficient to support a claim against them.

In opposition to defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan's Motion for Judgment on the Pleadings, plaintiff now argues:

(1) Plaintiff's claims should not be dismissed pursuant to Federal Rule of Civil Procedure 12(c) because a motion predicated on Rule 12(c) is premature, as material issues of fact remain outstanding.

(2) Count One of plaintiff's complaint should not be dismissed for failure to state a claim for relief because plaintiff's cellular telephone is synonymous with a residential telephone.

(3) Defendants Geoffrey Horn, Charles Betta and Daniel Logan are not entitled to dismissal because plaintiff's complaint alleges sufficient facts to support a claim against them.

Notwithstanding plaintiff's opposition, this Court should grant defendants' Motion for a Judgment on the Pleadings because plaintiff's arguments are without merit.

## II. LEGAL ANALYSIS

### A. A Motion Predicated on Federal Rule of Civil Procedure 12(c) is Not Premature At This Stage of the Litigation.

Plaintiff contends a motion for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is premature. This argument is incorrect.

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." "When a motion under Rule 12(c) is based on a plaintiff's failure to state a claim upon which relief can be granted, it is reviewed under the same standard as a 12(b)(6) motion to dismiss." Maryland Cas. Co. v. Johnson Servs., LLC, 61 F. Supp. 3d 461, 464 (citation omitted). "Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." Payan v. Greenpoint Mortgage Funding, 681 F. Supp. 2d 564, 567 (3d Cir. 2010) (citation omitted).

"In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level." Maryland Cas. Co., supra, 61 F. Supp. 3d at 463 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007)). "[A] court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Ibid. (citation omitted). "The complaint must state sufficient facts to show the legal allegations are not simply possible, but plausible." Ibid. (citation omitted).

In the present case, when accepting the allegations in plaintiff's complaint, and

viewing those allegations in the light most favorable to plaintiff, the facts alleged clearly do not raise a right to relief above the speculative level. A Rule 12(c) motion is a "'summary proceeding' on the merits in the sense that [it deals] directly with the existence of a meritorious claim or defense." In re Synchronoss Secs. Litig., 705 F. Supp. 2d 367, 392 (3d Cir. 2010) (citation omitted). Here, Count One of plaintiff's complaint fails to state facts sufficient to support a claim for relief, and plaintiff's complaint fails to allege facts sufficient to support a plausible cause of action against defendants Geoffrey Horn, Charles Betta and Daniel Logan. Plaintiff's allegations against Horn, Betta and Logan amount to nothing more than unsupported inferences and conclusions.

Plaintiff contends his complaint should not be dismissed because there are remaining issues of fact to be determined. This contention is mistaken. "A district court reviewing the sufficiency of a complaint has a limited role." Syncsort Inc. v. Sequential Software, Inc., 50 F. Supp. 2d 318, 325 (1999). "This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his [or her] claims." Ibid. (citation omitted) (alteration in original). "Generally, when conducting such an inquiry, *material beyond the pleadings should not be considered.*" Ibid. (citations omitted) (emphasis added).

Accordingly, defendants' motion predicated on Rule 12(c) is not premature.

**B. A Cellular Telephone is Not Synonymous With a Residential Telephone.**

Next, plaintiff contends Count One of his complaint should not be dismissed because it states a sufficient claim for relief. Specifically, plaintiff argues 47 C.F.R. § 64.1200(d) applies to cellular telephones. He points to 47 C.F.R. § 64.2305(b) and 47 C.F.R. § 64.2305(d) for support. 47 C.F.R. § 64.2305(b) defines "business subscriber" to

mean "a subscriber to telephone exchange service for business." In contrast, 47 C.F.R. § 64.2305(d) defines "residential subscriber" to mean "a subscriber to a telephone exchange service that is not a business subscriber." Plaintiff argues his status as a "residential subscriber" places him within the scope of 47 C.F.R. § 64.1200(d).

In Cunningham v. Rapid Response Monitoring Servs., 251 F. Supp. 3d 1187, 1201 (2017), a case also filed by plaintiff and rooted in TCPA claims, the Court held that while "[t]he TCPA generally distinguishes between 'residential' lines and other protected lines, . . . it provides some protections to the owners of both." "A cause of action under [47 U.S.C. § 227(c)(5)] must be brought against a party that initiated a 'call for telemarketing purposes to a residential telephone subscriber.'" Ibid.

Similarly, in that case, the allegations in Cunningham's complaint involved a cellular telephone. The Court determined that "in some cases, an individual who relies on a cellular phone may nevertheless fall within the definition of a 'residential telephone subscriber' under the [TCPA]." Ibid. (citation omitted). Nonetheless, Cunningham pled insufficient facts from which the Court could conclude he used his cellular telephone for residential purposes. For that reason, the Court dismissed count two of Cunningham's complaint because "the regulation on which Cunningham relie[d], 47 C.F.R. § 64.1200(d), [did not] give rise to a cause of action under 47 U.S.C. § 227(c)(5)." Id. at 1999 to 12000.

In the present case, plaintiff's complaint also fails to allege sufficient facts from which this Court can conclude plaintiff used his cellular telephone for residential purposes. Plaintiff's complaint merely states the alleged automated telephone calls were placed to his cellular telephone. This fact, without more, is not enough for the Court to determine

plaintiff's cell phone was used for residential purposes. Accordingly, Count One of plaintiff's complaint should be dismissed for failure to state a claim for relief.

**C. Defendants Geoffrey Horn, Charles Betta and Daniel Logan Are Entitled to Dismissal in Their Individual Capacities Because Plaintiff Has Failed to State Facts Sufficient to Support a Claim Against Them.**

Lastly, plaintiff contends defendants Geoffrey Horn, Charles Betta and Daniel Logan are not entitled to dismissal because plaintiff alleged facts sufficient to support a claim against Horn, Betta and Logan in his amended complaint.

Plaintiff filed his amended complaint pursuant to Federal Rule of Civil Procedure 15(c), although a specific subsection is not provided. Rule 15(c) states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statue of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Nonetheless, this Court should not entertain the allegations contained within plaintiff's amended complaint because Rule 15(c) does not provide plaintiff with the

*authority* to file an amended complaint. Rule 15(c) *defines the pleadings permitted* within an amended complaint after an amended complaint is filed.

Instead, Federal Rule of Civil Procedure 15(a) details the time within which a plaintiff may file an amended complaint. Rule 15(a) states: "[a] party may amend its pleading once as a matter or course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

In the present case, plaintiff filed his initial complaint on December 13, 2017. Pursuant to Rule 15(a)(1)(A), plaintiff was therefore permitted to amend his complaint within twenty-one days of December 13, 2017, or by January 3, 2017.

In the alternative, pursuant to Rule 15(a)(1)(B), plaintiff was permitted to amend his complaint within twenty-one days after service of a responsive pleading. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendants were required to file their answers to plaintiff's complaint "within 21 days after being served with the summons and complaint[.]" Plaintiff served a summons on all defendants on December 14, 2017. Thus, pursuant to Rule 12(a)(1(A)(i), defendants were required to file their answers by January 4, 2017. In turn, pursuant to Rule 15(a)(1)(B), plaintiff had twenty-one days after January 4, 2017, or until January 25, 2017, to file an amended complaint.

Plaintiff did not file his amended complaint until March 20, 2018 -- well beyond the deadlines outlined in Rule 15(a). Federal Rule of Civil Procedure 15(a)(2) states that after said deadlines, "a party may amend [his] pleading *only* with the opposing party's written consent or the court's leave." (Emphasis added). Plaintiff did not obtain defendants'

consent or leave of court before filing his amended complaint. Accordingly, the arguments within plaintiff's amended complaint should not be considered.

Plaintiff's original complaint merely states the alleged automated telephone calls were placed by or on behalf of defendant Capital Advance Solutions at the direction of defendants Geoffrey Horn, Charles Betta and Daniel Logan. That allegation is an insufficient basis upon which to support a claim against Horn, Betta and Logan.

"[A] corporation is a separate entity from its shareholders." State Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983) (citing Lyon v. Barrett, 89 N.J. 294, 300 (1982)). "[A] primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." Ibid. (citation omitted). "In the absence of fraud or injustice, courts generally will not pierce the corporate veil to impose liability on the corporate principals." Lyon, supra, 89 N.J. at 300 (citations omitted).

Here, plaintiff's original complaint does not allege in what capacity defendants Horn, Betta and Logan are associated with Capital Advance Solutions. Plaintiff merely asserts calls were placed to his cellular telephone at the direction of Geoffrey Horn, Charles Betta and Daniel Logan. Plaintiff cast this same allegation against the CEO of Rapid Response Monitoring Services in Cunningham, supra, 215 F. Supp. 3d at 31. There, the Court held that Cunningham's assertions were generic, conclusory and an insufficient basis upon which to state a claim for individual liability against the CEO. Ibid.

Accordingly, and in the absence of fraud or injustice, which plaintiff does not allege, Geoffrey Horn, Charles Betta and Daniel Logan cannot be held liable for the actions of Capital Advance Solutions merely because they are employees, shareholders and/or corporate principals of the limited liability corporation. Horn, Betta and Logan are therefore

entitled to dismissal because plaintiff has failed to allege facts sufficient to support a claim for relief against them.

**D. Plaintiff's Amended Complaint Fails to State Facts Sufficient to Prove He Uses His Cellular Telephone in the Capacity of a Residential Subscriber, as Defined Within the TCPA.**

As previously stated, the TCPA distinguishes between residential and business subscribers. 47 C.F.R. § 64.2305(b) defines "business subscriber" to mean "a subscriber to telephone exchange service for business." In contrast, 47 C.F.R. § 64.2305(d) defines "residential subscriber" to mean "a subscriber to a telephone exchange service that is not a business subscriber." In his Amended Complaint, plaintiff argues he should be categorized as a "residential subscriber" and within the scope of 47 C.F.R. § 64.1200(d).

Plaintiff maintains he uses his cell phone for personal, family and household calls, and for purposes of navigation, sending and receiving emails, sending and receiving text messages, and as a timer. Plaintiff further maintains he has not had a land-line telephone for at least ten years. He claims his cell phone is registered to him, personally, and his cell phone bill is paid from his personal account. Plaintiff admits he uses his cell phone for business purposes, but claims his cell phone is not primarily used for business purposes. However, plaintiff does not state for what business purposes his cell phone is used, nor does plaintiff state his occupation.

Despite the facts alleged regarding the personal use of his cell phone, plaintiff also predominantly uses his cell phone for business purposes. At the present time, plaintiff has filed at least eighty-five lawsuits nationwide, each stemming from alleged violations of the TCPA. Plaintiff earns his living by continuously filing TCPA claims and has provided no indication to the contrary. Essentially, plaintiff is in the business of filing TCPA lawsuits.

Plaintiff's TCPA lawsuits are based upon alleged telemarketing calls placed by various entities to plaintiff's cell phone. Plaintiff's cell phone plays an essential role in plaintiff's ability to file TCPA lawsuits. Thus, plaintiff's cell phone also plays a vital role in plaintiff's ability to earn a living. Plaintiff has therefore failed to prove that he falls within the definition of "residential subscriber" as defined by 47 C.F.R. § 64.2305(d).

Accordingly, plaintiff's Amended Complaint fails to state facts sufficient to support a claim for relief under 47 C.F.R. § 64.1200(d).

### E. Plaintiff's Amended Complaint Fails to State Facts Sufficient to Support a Claim for Relief Against Defendants Geoffrey Horn, Charles Betta and Daniel Logan.

As in his original Complaint, plaintiff's Amended Complaint also fails to state facts sufficient to support a claim for relief against defendants Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities.

Plaintiff's Amended Complaint states nothing more than general assumptions about the roles Horn, Betta and Logan played in regard to the alleged automated telephone calls plaintiff received. Plaintiff does not state any specific facts to substantiate his presumption that Horn, Betta and Logan directed and authorized alleged telemarketing efforts, nor does plaintiff state any specific facts to corroborate his notion that Capital Advance Solutions' corporate officers personally decided to hire, pay and select the alleged telemarketers.

Plaintiff alleges Capital Advance Solutions' corporate officers secured the telemarketing services of Brian Ebersole, Eric Okaley and JGRD, Inc., however, plaintiff fails to set forth which corporate officers secured which alleged telemarketing services.

Instead, plaintiff lumps Horn, Betta and Logan into the collective category of "corporate officers." As previously stated, generic and conclusory allegations are an insufficient basis upon which to state a claim for individual liability. Cunningham, supra, 215 F. Supp. 3d at 31. Further, plaintiff does not state any facts whatsoever to show Horn, Betta and Logan knew the alleged "illegal robocalls were placed on behalf of their lenders."

The statements made in plaintiff's Amended Complaint regarding the individual liability of Geoffrey Horn, Charles Betta and Daniel Logan continue to constitute nothing more than bald assertions void of substantiating details. Accordingly, plaintiff's Amended Complaint fails to state facts sufficient to support a claim for relief against Horn, Betta and Logan. Thus, Horn, Betta and Logan are entitled to dismissal.

**CONCLUSION**

For the foregoing reasons, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan respectfully request the Court grant their Motion for Judgment on the Pleadings.

Respectfully submitted,
**KENT & MCBRIDE, P.C.**

By: ________________________

Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendants,*
*Capital Advance Solutions, Dan Logan,*
*Charlie Betta and Geoffrey Horn*

Dated: March 30, 2018