## <u>TABLE OF CONTENTS</u>

I.    PRELIMINARY STATEMENT ................................................................ 7

II.   STATEMENT OF FACTS ................................................................... 8

III.  ARGUMENT ................................................................................ 13

      A.    STANDARD OF REVIEW .................................................... 13

      B.    Plaintiff's Amended Complaint Should Dismissed Because Plaintiff Filed His
            Amended Complaint Out of Time and Without All Defendants' Consent or
            Leave of Court. ......................................................................... 14

      C.    Count One of plaintiff's Complaint must be dismissed because plaintiff fails
            to allege facts sufficient to support a claim for relief under 47 <u>U.S.C.</u> §
            227(c)(5), as codified by 47 <u>C.F.R.</u> § 64.1200(d)(4). ............................... 15

      D.    Plaintiff fails to allege facts sufficient to support a claim against Geoffrey
            Horn, Charles Betta and Daniel Logan in their individual capacities and, as
            such, Horn, Betta and Logan are entitled to dismissal. ............................ 21

IV.   CONCLUSION ............................................................................. 23

## **TABLE OF AUTHORITIES**

**Federal Cases:**

*Ashcroft v. Iqbal,*
 556 U.S. 662, 129 S. Ct. 1937, 1173 L. Ed. 2d 868 (2009) ........................ 13, 14

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 13

*Cleary by Cleary v. Waldman,*
 959 F. Supp. 222 (3d Cir. 1997) ........................................................ 17

*Cunningham v. Rapid Response Monitoring Servs.*
 251 F. Supp. 3d 1187, 1201 (2017) ........................................... 18, 23

*Evancho v. Fisher,*
 423 F.3d 347 (3d Cir. 2005) .................................................................. 13

*Hutchinson v. Del. Sav. Bank FBS,*
 410 F. Supp. 2d 374 (3rd Cir. 2006) ........................................ 13, 14

*Maryland Cas. Co. v. Johnson Servs., LLC,*
 61 F. Supp. 3d 461 (3d Cir. 1991) ............................................. 13, 22

*Payan v. Greenpoint Mortgage Funding,*
 681 F. Supp. 2d 564  (3d Cir. 2010) ................................................. 13

*Phillips v. Cnty of Allegheny,*
 515 F.3d 224 (3d Cir. 2008) ........................................................ 13, 22

*Stoops v. Wells Fargo Bank, N.A.,*
 197 F. Supp. 3d 782, 788 (2016) ................................................. 19, 20

*Tate & Lyle, Inc. v. CIR,*
 ·87 F.3d 99 (3d Cir. 1996) ...................................................................... 17

*Turbe v. Government of the Virgin Islands,*
 938 F.2d 427 (3d Cir. 1991) .............................................................. 13

**State Cases:**

*Lyon v. Barrett,*
 89 N.J. 294 (1982) ........................................................................... 22

*State Dept. of Envtl. Prot. v. Ventron Corp.*,
    94 N.J. 473 (1983) ................................................................ 22

*Velasquez v. Franz*,
    123 N.J. 498, 508 (1991) ................................................. 14

**Federal Statutes:**

47 U.S.C.
    § 227(b) ........................................................................ 10
    § 227(c) .......................................... 7, 10, 15, 16, 17, 18, 23

47 C.F.R.
    § 64.1200(d) ............................... 7, 10, 15, 16, 17, 18, 19, 23

47 C.F.R.
    § 64.2305(b) .................................................................. 18
    § 64.2305(d) ............................................................. 18, 21

**Rules:**

Federal Rules of Civil Procedure
    12(a) ............................................................................ 15
    12(b) ...................................................... 7, 13, 14, 15, 23
    12(e) ............................................................................ 15
    12(f) ............................................................................. 15
    15(a) .................................................................. 7, 14, 15

## PRELIMINARY STATEMENT

Plaintiff Craig Cunningham filed an Amended Complaint against defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, EBF Partners, LLC, Webbank Corporation, Retail Capital, LLC, dba Credibly, Brian Ebersole, Eric Oakley, and JGRD, Inc. alleging he received automated telephone calls to his cellular telephone in violation of the federal Telephone Consumer Protection Act.   Plaintiff alleges the automated telephone calls constitute an invasion of privacy, or intrusion into seclusion. Plaintiff's Amended Complaint was untimely filed without the consent of all defendants or leave of court.  Accordingly, plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 15(a).

In the instance plaintiff's Amended Complaint is not dismissed pursuant to Federal Rule of Civil Procedure 15(a), plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  Specifically, plaintiff's Amended Complaint fails to allege facts from which a cause of action can be inferred and fails to allege facts sufficient to support a cause of action against defendants Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities.

First, Count One of plaintiff's Amended Complaint fails to allege facts sufficient to support a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4).  The cited statutory provisions pertain to residential telephone subscribers, however, plaintiff's Amended Complaint fails to allege facts from which it can be deduced that plaintiff used his cellular telephone as a residential telephone

subscriber.  Therefore, Count One of plaintiff's Amended Complaint must be dismissed for failure to allege facts sufficient to support a claim for relief.

Second, plaintiff's Amended Complaint fails to allege facts sufficient to support a claim for relief against defendants Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities.  Therefore, Horn, Betta and Logan are entitled to dismissal.

Accordingly, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan respectfully request the Court grant their Motion to Dismiss Count One of plaintiff's Amended Complaint and each of plaintiff's claims against Horn, Betta and Logan in their individual capacities.

## STATEMENT OF FACTS

1.     On or about December 13, 2017, plaintiff Craig Cunningham filed a Complaint against defendants Capital Advanced Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, EBF Partners, LLC, Webbank Corporation, and Retail Capital, LLC, dba Credibly, alleging violations of the federal Telephone Consumer Protection Act and invasion of privacy, or intrusion into seclusion.  A copy of plaintiff Craig Cunningham's Complaint is attached hereto as Exhibit A.

2.     On or about January 8, 2018, this office filed an Answer to plaintiff Craig Cunningham's Complaint on behalf of defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta and Daniel Logan.  A copy of said defendants' Answer is attached hereto as Exhibit B.

3.     Plaintiff Craig Cunningham's Complaint arises from a series of alleged telephone calls placed from an automated telephone dialing system to plaintiff's cellular

telephone, number (615) 212-9191.  See <u>Exhibit A</u>.

4.      Plaintiff claimed the alleged automated telephone calls were placed by or on behalf of defendant Capital Advance Solutions, LLC, at the direction of defendants Geoffrey Horn, Charles Betta and Daniel Logan.  See <u>Exhibit A</u>.

5.      Plaintiff further claimed the alleged automated telephone calls were placed for the ultimate benefit of defendants EBF Partners, LLC, Webbank Corporation, and Retail Capital, LLC dba Credibly.  See <u>Exhibit A</u>.

6.      Plaintiff claimed the alleged automated telephone calls contained the following pre-recorded message: "Stop and listen.  Do you need immediate cash?  Need additional working capital?  No collateral?  No fixed payments?  Bad credit?  No problem. Press one to be connected.  Press two if you are not interested."  See <u>Exhibit A</u>.

7.      Plaintiff maintained he applied for a loan, pursuant to the instructions within the message of the telephone calls, for the sole purpose of identifying the parties responsible for said telephone calls, and was transferred to Capital Advance Solutions employee Mike Tabasco after answering various qualifying questions.  See <u>Exhibit A</u>.

8.      Plaintiff alleged the automated telephone calls are legally prohibited without express or implied consent from their intended recipient.  See <u>Exhibit A</u>.

9.      Plaintiff claimed he never gave his cellular telephone number to any of the named defendants, nor did plaintiff ever expressly or impliedly consent to automated telephone calls from any of the named defendants.  See <u>Exhibit A</u>.

10.      Plaintiff maintained defendants EBF Partners, LLC, Webbank, LLC and Retail Capital, LLC dba Credibly are vicariously liable for the alleged automated telephone

calls from Capital Advance Solutions because EBF Partners, Webbank and Retail Capital dba Credibly supply business loans to individuals who apply for said loans through Capital Advance Solutions in response to the automated telephone calls.  See <u>Exhibit A</u>.

11.     In other words, plaintiff maintained defendants EBF Partners, Webbank and Retail Capital dba Credibly are vicariously liable for the automated telephone calls from Capital Advance Solutions because EBF Partners, Webbank and Retail Capital dba Credibly arrange for the automated calls to be placed on their behalf.  See <u>Exhibit A</u>.

12.     In Count One of his Complaint, plaintiff claimed the alleged automated telephone calls violated the Telephone Consumer Protection Act, 47 <u>U.S.C.</u> § 227(c)(5), as codified by 47 <u>C.F.R.</u> § 64.1200(d)(4), because defendants failed to implement a written policy regarding telemarketing, failed to maintain a do-not-call list, and failed to utilize trained personnel to engage in telemarketing.  See <u>Exhibit A</u>.

13.     In Count Two of his Complaint, plaintiff claimed the alleged telephone calls violate the Telephone Consumer Protection Act, 47 <u>U.S.C.</u> § 227(b), because the calls were automated.  See <u>Exhibit A</u>.

14.     In Count Three of his Complaint, plaintiff claimed defendants' actions, with regard to the placement of the alleged automated telephone calls, constitute intrusion upon plaintiff's seclusion.  See <u>Exhibit A</u>.

15.     Accordingly, plaintiff sought statutory damages of three thousand dollars ($3,000.00) per each alleged automated telephone call received.  See <u>Exhibit A</u>.

16.     On February 6, 2018, this office filed a Motion for Judgment on the Pleadings on behalf of defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and

Daniel Logan.  A copy of the Motion is attached hereto as <u>Exhibit B</u>.

17.     Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan's original Motion for Judgment on the Pleadings asserted similar arguments to those asserted in the present Motion for Judgment on the Pleadings.  See <u>Exhibit B</u>.

18.     On March 20, 2018, plaintiff filed a Response in Opposition to Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan's Motion for Judgment on the Pleadings.  A copy of plaintiff's Response is attached hereto as <u>Exhibit C</u>.

19.     On March 20, 2018, plaintiff also untimely filed an Amended Complaint without the consent of all defendants or leave of court.  A copy of plaintiff's Amended Complaint is attached hereto as <u>Exhibit D</u>.

20.     In his Amended Complaint, plaintiff asserts the same claims as those asserted in his original Complaint, however, plaintiff incorporates additional supporting facts in his Amended Complaint.  See <u>Exhibit D</u>.

21.     Specifically, plaintiff alleges his cellular telephone is a personal cell phone used for personal, family and household purposes.  See <u>Exhibit D</u>.

22.     Plaintiff further alleges he has not had a land-line telephone at this residence for over ten years, and relies primarily on his cellular telephone to communicate with family members and friends.  See <u>Exhibit D</u>.

23.     Plaintiff claims he uses his cellular telephone for the additional purposes of navigation, sending and receiving text messages and emails, and timing food while cooking.  See <u>Exhibit D</u>.

24.     Plaintiff maintains his cellular telephone is registered in his personal name and the cell phone bill is paid from his personal accounts.  See <u>Exhibit D</u>.

11

25.     Lastly, plaintiff argues his cellular telephone is not primarily used for any business purpose.  See <u>Exhibit D</u>.

26.     Within his Amended Complaint, plaintiff also argues the officers of each corporation named as defendants, including Geoffrey Horn, Charles Betta and Daniel Logan, played a direct and personal role in the authorization of the alleged automated telephone calls or directed telemarketing efforts.  See <u>Exhibit D</u>.

27.     Plaintiff alleges the corporate officers personally decided to select, hire and pay telemarketers and, specifically, secured the telemarketing services of Brian Ebersole, Eric Oakley and JGRD, Inc. as part of a nationwide robo-calling operation.  See <u>Exhibit D</u>.

28.     Plaintiff alleges Geoffrey Horn, Charles Betta and Daniel Logan "knew their dialing campaign would be illegal, but intentionally decided to engage in the illegal actions regardless."  See <u>Exhibit D</u>.

29.     Plaintiff argues Geoffrey Horn, Charles Betta and Daniel Logan "stood idly by while hundreds of thousands of illegal robo-calls were placed on behalf of their lenders to sell loan services when a reasonable person would have stopped the calls from happening."  See <u>Exhibit D</u>.

30.     On April 4, 2018, the Court entered an Order rendering Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan's original Motion for Judgment on the Pleadings moot due to the filing of plaintiff's Amended Complaint.

31.     The Court stated defendants may answer or otherwise move as to plaintiff's Amended Complaint no later than April 16, 2018.

12

**LEGAL ANALYSIS**

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to file a motion to dismiss for failure to state a claim upon which relief can be granted prior to filing a responsive pleading.  "In considering a Rule 12(b)(6) motion, the court will accept as true all of the factual allegations contained in the complaint and any reasonable inferences that can be drawn therefrom." Hutchinson v. Del. Sav. Bank FBS, 410 F. Supp. 2d 374, 377 (3rd Cir. 2006) (citation omitted).  "Dismissal of claims under Rule 12(b)(6) should be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Ibid. (citation omitted).

"[T]o survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level." Maryland Cas. Co., supra, 61 F. Supp. 3d at 463 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007)).  "[A] court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Ibid. (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

"The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible." Ibid. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 463-64 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 173 L. Ed. 2d 868, 884 (2009)).  "A

13

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Ashcroft, supra, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884.

"Although the court must assume as true all facts alleged, 'it is not . . . proper to assume that the [plaintiff] can prove any facts that [are] not alleged.'" Hutchinson, supra, 410 F. Supp. 2d at 377 (citation omitted) (alterations in original). "[W]hen 'confronted with a [Rule 12(b)(6)] motion, the court must review the allegations of fact contained in the complaint; for this purpose the court does not consider conclusory recitations of law.'". Ibid. (citation omitted). "The Supreme Court has held that a Federal Rule of Civil Procedure 12(b)(6) dismissal that occurs before trial for failure to state a claim constitutes a 'judgment on the merits.'" Velasquez v. Franz, 123 N.J. 498, 508 (1991) (citations omitted).

## POINT ONE

### Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Filed His Amended Complaint Out of Time and Without Defendants' Consent or Leave of Court.

The Court should dismiss plaintiff's Amended Complaint because it was untimely filed without the consent of all defendants or leave of court. Federal Rule of Civil Procedure 15(a) details the time within which a plaintiff may file an amended complaint. Rule 15(a) states: "[a] party may amend its pleading once as a matter or course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

14

In the present case, plaintiff filed his original complaint on December 13, 2017. Pursuant to Rule 15(a)(1)(A), plaintiff was therefore permitted to amend his original complaint within twenty-one days of December 13, 2017, or by January 3, 2017.

In the alternative, pursuant to Rule 15(a)(1)(B), plaintiff was permitted to amend his original complaint within twenty-one days after service of a responsive pleading.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendants were required to file their answers to plaintiff's complaint "within 21 days after being served with the summons and complaint[.]"  Plaintiff served a summons on all defendants on December 14, 2017.  Thus, pursuant to Rule 12(a)(1(A)(i), defendants were required to file their answers by January 4, 2017.  In turn, pursuant to Rule 15(a)(1)(B), plaintiff had twenty-one days after January 4, 2017, or until January 25, 2017, to file an amended complaint.

Plaintiff did not file his Amended Complaint until March 20, 2018 -- well beyond the deadlines outlined in Rule 15(a).  Federal Rule of Civil Procedure 15(a)(2) states that after said deadlines, "a party may amend [his] pleading *only* with the opposing party's written consent or the court's leave."  (Emphasis added).  Plaintiff did not obtain defendants' consent or leave of court before filing his amended complaint.  Accordingly, plaintiff's Amended Complaint should be dismissed.

## POINT TWO

**Count One of plaintiff's Complaint must be dismissed because plaintiff fails to allege facts sufficient to support a claim for relief under 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4).**

In Count One of his Amended Complaint, plaintiff claims the alleged automated

telephone calls, placed by and on behalf of defendants, to plaintiff's cell phone, violate 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), as codified by 47 C.F.R. § 64.1200(d)(4), because defendants failed to implement a written policy regarding telemarketing, failed maintain a do-not-call list, and failed utilize trained personnel to engage in telemarketing.  See Exhibit D.

47 U.S.C. § 227 of the TCPA implements restrictions on the use of telephone equipment.  In Count One of his Amended Complaint, plaintiff alleges defendants' violated 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4).  The plain language of 47 U.S.C. § 227(c)(5) states:

> Private right of action.  A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --
>
> (A)   an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B)   an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C)   both such actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.  If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under

16

subparagraph (B) of this paragraph.

While the plain language of 47 U.S.C. § 227(c)(5) appears to provide a valid cause of action based on the facts giving rise to plaintiff's Complaint, 47 U.S.C. § 227(c)(5) must be read in conjunction with the remaining portions of 47 U.S.C. § 227(c), Protection of Subscriber Privacy Rights.  See Cleary by Cleary v. Waldman, 959 F. Supp. 222, 229-30 (3d Cir. 1997) (stating "[a] statute must be read as a whole; words depend upon context; 'they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used') (citing Tate & Lyle, Inc. v. CIR, 87 F.3d 99, 104-05 (3d Cir. 1996)).

47 U.S.C. § 227(c)(1) states:

> Rulemaking proceeding required.  Within 120 days after the date of enactment of this section . . . the Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

Accordingly, 47 U.S.C. § 227(c), including 47 U.S.C. § 227(c)(5), pertains only to telephone solicitations made to residential telephone subscribers.

Moreover, 47 C.F.R. § 64.1200(d)(4) states:

> Identification of sellers and telemarketers.  A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.  The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

Similar to 47 U.S.C. § 227(c)(5), the plain language of 47 C.F.R. § 64.1200(d)(4)

17

appears to provide a valid cause of action based on the facts giving rise to plaintiff's

Complaint.   Nonetheless, like 47 U.S.C. § 227(c)(5), which must be read in conjunction

with 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)(4) must be read in conjunction with 47

C.F.R. § 64.1200(d).   47 C.F.R. § 64.1200(d) states:

> No person or entity shall initiate any call for telemarketing purposes to
> a residential telephone subscriber unless such person or entity has
> instituted procedures for maintaining a list of persons who request not
> to receive telemarketing calls made by or on behalf of that person or
> entity.

Accordingly, 47 C.F.R. § 64.1200(d), including 47 C.F.R. § 64.1200(d)(4), also pertains

only to telephone solicitations made to residential telephone subscribers.

47 C.F.R. § 64.2305(d) defines "residential subscriber" to mean "a subscriber to a

telephone exchange service that is not a business subscriber."   In contrast, 47 C.F.R. §

64.2305(b) defines "business subscriber" to mean "a subscriber to telephone exchange

service for business."   Plaintiff argues his status as a "residential subscriber" places him

within the scope of  47 C.F.R. § 64.1200(d).

In Cunningham v. Rapid Response Monitoring Servs., 251 F. Supp. 3d 1187, 1201

(2017), a case also filed by plaintiff and rooted in TCPA claims, the Court held that while

"[t]he TCPA generally distinguishes between 'residential' lines and other protected lines,

. . . it provides some protections to the owners of both."   "A cause of action under [47

U.S.C. § 227(c)(5)] must be brought against a party that initiated a 'call for telemarketing

purposes to a residential telephone subscriber.'"   Ibid.

Similarly, in that case, the allegations in Cunningham's complaint involved a cellular

telephone.  The Court determined that "in some cases, an individual who relies on a cellular phone may nevertheless fall within the definition of a 'residential telephone subscriber' under the [TCPA]."  Ibid. (citation omitted).  Nonetheless, Cunningham pled insufficient facts from which the Court could conclude he used his cellular telephone for residential purposes.  For that reason, the Court dismissed count two of Cunningham's complaint because "the regulation on which Cunningham relie[d], 47 C.F.R. § 64.1200(d), [did not] give rise to a cause of action under 47 U.S.C. § 227(c)(5)."  Id. at 1999 to 12000.

In the present case, plaintiff's Amended Complaint fails to allege sufficient facts from which this Court can conclude plaintiff used his cellular telephone as a residential telephone subscriber.  Plaintiff maintains he uses his cell phone for personal, family and household calls, and for purposes of navigation, sending and receiving emails and text messages, and as a timer.  See Exhibit D.  Plaintiff further maintains he has not had a land-line telephone for at least ten years, his cell phone is registered to him, personally, and his cell phone bill is paid from his personal account.  See Exhibit D.

Plaintiff admits he uses his cell phone for business purposes, but claims his cell phone is not primarily used for business purposes.  See Exhibit D.  However, plaintiff does not state for what business purposes his cell phone is used, nor does plaintiff state his occupation.  See Exhibit D.  Despite the facts alleged regarding the personal use of his cell phone, plaintiff also predominantly uses his cell phone for business purposes.

In Stoops v. Wells Fargo Bank, N.A., 197 F. Supp. 3d 782, 788 (2016), the plaintiff purchased cell phones for the purpose of filing lawsuits under the TCPA.  Specifically, the

19

plaintiff "waited for [her cell phones] to ring and sometimes answered the calls to identify the caller." Ibid. She also "track[ed] the incoming calls . . . on a call log sheet." Ibid. Although she "occasionally informed [callers] to stop calling, she intended for the calls to continue" in hopes that she could file lawsuits based upon violations of the TCPA. Ibid. At the time of the lawsuit, the plaintiff had filed at least eleven TCPA cases. Ibid.

At the present time, plaintiff Craig Cunningham has filed at least eighty-five lawsuits nationwide, each stemming from alleged violations of the TCPA. In Stoops, the court determined that because the plaintiff purchased cell phones for the sole purpose of receiving calls which would enable her to file TCPA lawsuits, she did not suffer an economic injury or have constitutional standing to sue. Supra, 197 F. Supp. 3d at 802. The court held "purchasing cell phones with the hope of receiving calls from creditors for the sole purpose of collecting statutory damages are not 'among the sort of interests [the TCPA was] specifically designed to protect.'" Id. at 805 (citation omitted). The court ruled the plaintiff's interests were "so marginally related to or inconsistent with the purposes implicit in the [TCPA] that it [could not] reasonably be assumed that Congress intended to permit [the plaintiff's] suit." Ibid. (citation omitted) (first alteration in original).

Here, although plaintiff Craig Cunningham uses his cell phone for purposes other than receiving telephone calls related to his TCPA claims, plaintiff nonetheless earns his living by continuously filing TCPA claims, and has provided no indication to the contrary. Essentially, plaintiff is in the business of filing TCPA lawsuits.

Plaintiff's TCPA lawsuits are based upon alleged telemarketing calls placed by

20

various entities to plaintiff's cell phone.  Plaintiff's cell phone therefore plays an essential role in his ability to file TCPA lawsuits.  Thus, plaintiff's cell phone also plays a vital role in his ability to earn a living.  Plaintiff has therefore failed to prove that he falls within the definition of "residential subscriber" as defined by 47 <u>C.F.R.</u> § 64.2305(d).

As noted in <u>Stoops</u>, "[t]he district courts are coping with large volumes of litigation, and parties with real losses frequently are delayed in obtaining adjudications on the merits."  <u>Supra</u>, 197 F. Supp. 3d at 806 (citation omitted) (alteration in original).  "The mission of the federal courts best can be fulfilled if the courts recognize and enforce the constitutional and prudential limitations on the exercise of their jurisdiction." <u>Ibid.</u> (citation omitted).  "Enforcing constitutional and prudential standing ensures that 'the courts will have time to devote to claims by parties who actually have been injured and may be entitled to relief on their own behalf.'"  <u>Ibid.</u> (citation omitted).

Accordingly, plaintiff's Amended Complaint fails to state facts sufficient to support a claim for relief under 47 <u>C.F.R.</u> § 64.1200(d).

## POINT THREE

**Plaintiff fails to allege facts sufficient to support a claim against Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities and, as such, they are entitled to dismissal.**

Within his Amended Complaint, plaintiff states the alleged automated telephone calls were placed by or on behalf of defendant Capital Advance Solutions, LLC, at the direction of defendants Geoffrey Horn, Charles Betta and Daniel Logan.  See <u>Exhibit D.</u>  That allegation, standing alone, is an insufficient basis upon which to support a claim

21

against Horn, Betta and Logan, individually.

As previously stated, "[i]n order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level." Maryland Cas. Co., supra, 61 F. Supp. 3d at 463 (citation omitted). "[A] court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Ibid. (citing Phillips, supra, 515 F.3d at 231). Instead, '[t]he complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible." Ibid. (citation omitted).

Moreover, "a corporation is a separate entity from its shareholders." State Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983) (citing Lyon v. Barrett, 89 N.J. 294, 300 (1982)). "[A] primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." Ibid. (citation omitted). "In the absence of fraud or injustice, courts generally will not pierce the corporate veil to impose liability on the corporate principals." Lyon, supra, 89 N.J. at 300 (citations omitted).

Plaintiff's Amended Complaint states nothing more than general assumptions about the roles Horn, Betta and Logan played in regard to the alleged automated telephone calls plaintiff received. Plaintiff does not state any specific facts to substantiate his presumption that Horn, Betta and Logan directed and authorized alleged telemarketing efforts, nor does plaintiff state any specific facts to corroborate his notion that Capital Advance Solutions' corporate officers personally decided to hire, pay and select the alleged telemarketers.

Plaintiff alleges Capital Advance Solutions' corporate officers secured the

telemarketing services of Brian Ebersole, Eric Okaley and JGRD, Inc., however, plaintiff fails to set forth which corporate officers secured which alleged telemarketing services. Instead, plaintiff lumps Horn, Betta and Logan into the collective category of "corporate officers." As previously stated, generic and conclusory allegations are an insufficient basis upon which to state a claim for individual liability. Cunningham, supra, 215 F. Supp. 3d at 31. Further, plaintiff does not state any facts whatsoever to show Horn, Betta and Logan knew the alleged "illegal robo-calls were placed on behalf of their lenders."

The statements made in plaintiff's Amended Complaint regarding the individual liability of Geoffrey Horn, Charles Betta and Daniel Logan continue to constitute nothing more than bald assertions void of substantiating details. Accordingly, plaintiff's Amended Complaint fails to state facts sufficient to support a claim for relief against Horn, Betta and Logan. Thus, Horn, Betta and Logan are entitled to dismissal.

## CONCLUSION

For the foregoing reasons, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan respectfully request the Court grant their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), as plaintiff Craig Cunningham's Amended Complaint fails to allege facts sufficient to support a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4), and fails to allege facts sufficient to support a claim against Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities.

23

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By: _____
Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendants,*
*Capital Advance Solutions, Dan Logan,*
*Charlie Betta and Geoffrey Horn*

Dated: April 13, 2018

24