# EXHIBIT A

US District Court for New Jersey (Trenton)

)   Craig Cunningham

)   Plaintiff, pro se

)

)        v.

CIVIL ACTION NO.   17-13050 -FLW -DEA

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, EBF Partners, LLC, Webbank Corporation, Retail Capital, LLC, dba Credibly

)   Defendants.

### Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was present has a mailing address of 5543 Edmondson Pike, ste 248 Nashville, TN 37211

2. Capital Advance Solutions, LLC is a New Jersey Corporation operating from 1715 State Rt. 35, ste 302, Middletown, NJ 07748 and can be served at the same address.

3. Geoffrey Horn is a corporate officer of Capital Advance Solutions and can be served at 2 Water St., Apt 10E, New York, New York 10004

4. Charles Betta is a corporate officer of Capital Advance Solutions and can be served at 3 Oldwick Court, Leonardo, NJ 07737.

5. Dan Logan is the CFO of Capital Advance Solution and can be served at 1715 State Rt. 35, ste 302, Middletown, NJ 07748

1

6. EBF Partners, LLC is a New york corporation that can be served via registered agent, National Registered Agents, Inc, 111 8th Ave, New York, New York, 10011.

7. WebBank Corporation is a utah Corporation with a registered agent of George Sutton and can be served c/o Jones Waldo, Holbrook, and McDonough, 170 So. Main Ste 1500, Salt Lake City, UT 84101

8. Retail Capital, LLC DBA Credibly is a New York Corporation also registered to do business in Michagan and can be served via registered Agent Brian Raznick, 27777 Franklin Road, ste. 2500, Southfield, Michigan 48034 or 1250 Kirts Blvd., ste 100, Troy Michigan, 48084.

## Jurisdiction

9. Jurisdiction of this court arises as the defendants reside and conduct business in New Jersey and Capital Advance is a New Jersey Corporation. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

10. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts from the forum state of New Jersey. The telephone calls which led to the violations of alleged here originated in New Jersey.

## FACTUAL ALLEGATIONS

### Calls from Capital Advance Solutions

11. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone, which was 615-212-9191. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator and delivered a pre-recorded message.

12. Calls were placed to the Plaintiff's cell phone 615-212-9191 by or on behalf of Capital Advance Solutions, LLC at the direction of Geoffrey Horn, Charles Betta, and Daniel Logan for the ultimate benefit of EBF Partners, LLC and Retail Partners, LLC dba Credibly and Webbank

13. The pre-recorded message said *"Stop and and listen. Do you need immediate cash? Need additional working capital? No collateral? No fixed payments? Bad Credit? No problem. Press 1 to be connected. Press 2 if you are not interested"*

14. The Plaintiff was asked a few qualifying questions and was then transferred live to Mike Tabasco, an employee of Capital Advance Solutions.

**Calls by the Defendants**

15. The Plaintiff has identified some 31 calls, most of which are detailed below. The Plaintiff is still in the process of researching calls and may very well find additional calls for which the defendants are liable:

| Caller ID | Date All in 2015 | 21 calls |
|---|---|---|
| 734-265-9115 | 10/20/2015, | inbound |
| | 10/12/2015 | inbound |
| | 10/14/2015 | inbound |
| | 10/19/2015 | inbound |
| 551-666-4992 | 12/10/2015 | inbound |
| 732-865-8040 | 03/25 | inbound |

3

|  | 03/26 | inbound |
|---|---|---|
|  | 04/01 | inbound |
|  | 04/03 | inbound |
|  | 04/06 | inbound |
|  | 04/07 | inbound |
|  | 04/10 | inbound |
|  | 04/13 | inbound |
|  | 04/21 | inbound |
|  | 07/24 | inbound |
|  | 07/29 | inbound |
|  | 10/22 | inbound |
|  | 10/26/2015 Twice | inbound |
|  | 11/02 | inbound |
| **609-457-9175** | Text message Mike Tabasco | inbound |

16. The Plaintiff also identified the end users of the leads generated by Capital Advance Solutions as Credibly, LLC and WebBank which jointly provide business loans and EBF Partners, LLC. Additionally, Credibly placed calls to the Plaintiff cell phone, although the Plaintiff is still in the process o

17. Credibly, LLC and WebBank are liable under the theory of vicarious liability under the doctrines of actual authority, apparent authority, and ratification. The Plaintiff applied for a loan through Capital Advance Solutions only to identify the end users, and received a rejection letter from Credibly/WebBank which states: "Thank you for applying to us for credit through Capital Advance Solutions" on Credibly, LLC letterhead listing the address of Credibly at 1250 Kirts Blvd., ste 100, Troy, Michigan 48084, dated March 1, 2016.

18. EBF Partners, LLC was implicated in this illegal conduct as they sent the Plaintiff a contract to loan money to the Plaintiff with the date of 10/19/2016 in the name of Everest Business Funding. The contract was an offer to lend $30,000 with a payback of $41,100 and daily payment of $289.44. The contract indicated it was

4

from EBF Partners, LLC with an address of 5 West 37th street, 2nd Floor, New York, New York 10018. The 18 page contract included an application from Capital Advance Solutions at the very end indicating that Capital Advance Solutions was the broker that sent the loan to EBF Partners, LLC.

19. Based on information disclosed in the previous lawsuit, that the Defendants obtained the Plaintiff's cell phone from a lead broker that provided inaccurate information about the Plaintiff being interested in a business loan. Buying leads fails to convey express written consent, particularly when the individual called is not the right person. The Plaintiff never gave the lead broker or any of the defendants his cell phone number and never gave express or implied consent for the defendants or any lead brokers to call his cell phone using an automated telephone dialing system or with a pre-recorded message.

20. The Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for the defendants.

21. Defendants EBF, Credibly, and WebBank essentially hired Defendant USFFC to break the law on their behalf by placing illegal telemarketing calls to consumers for which Defendants EBF, Credibly, and WebBank would profit.

22. Defendant Credibly and Capital Advance Solutions are directly liable for each and every call as they arranged for the phone calls to be placed on their behalf and is considered a "Seller" under the FCC's guidance and TCPA.

## VICARIOUS LIABILITY

23. Defendants EBF, Credibly, and WebBank are also vicariously liable under the FCC's ruling according to the traditional agency principles to include actual authority, apparent authority, and ratification.

24. Defendants EBF, Credibly, and WebBank are liable under actual authority as they directly hired Defendant Capital Advance Solutions to place illegal telephone calls and authorized the illegal telephone calls.

25. Defendants EBF, Credibly, and WebBank contracted and with Defendant Capital Advance Solutions for the purposes of placing automated calls with pre-recorded messages to consumers.

26. Defendants EBF, Credibly, and WebBank are liable under apparent authority as a reasonable person would have understood that Defendant Capital Advance Solutions as an agent for EBF, Credibly, and WebBank had authority to act on their behalf by placing telephone calls to consumers including the Plaintiff.

27. Defendants EBF, Credibly, and WebBank are liable under the theory of ratification as they knowingly acceptend the benefits and profits of the illegal conduct and approved of the illegal telephone calls to happen under the doctrines of apparent authority, actual authority, and ratification.

28. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR

64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the defendants failed to have a a written policy regarding telemarketing, trained personnel who engage in telemarketing, failed to identify the seller and telemarketers, and failed to maintain a do-not-call list. In total, the Defendants owe the Plaintiff $3,000 per call.

### Invasion of Privacy-Intrusion of Seclusion

29. The Defendants intentionally intruded on the Plaintiff's solitude by placing over 20 phone calls to the Plaintiff particularly after being sued and on clear notice that the Plaintiff did not want to be called on 615-212-9191.

30. The Defendants intruded on the Plaintiff's right to be left alone calling multiple times per day in some instances, hounding the Plaintiff when they knew that the Plaintiff was not interested in their services and wanted to be left alone.

31. Any ordinary person would be highly offended by being repeatedly called particularly after previously suing the same individual for harassing and annoying phone calls. The intrusion is illegal, unjustified, and unreasonable.

### CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

7

32. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), failing to have a written policy regarding telemarketing, failing to maintain a do-not-call list, and failing to have trained personnel who engage in telemarketing.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

34. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by being automated as defined by the TCPA in violation of 47 USC 227(b)

## CAUSES OF ACTION:

## COUNT III

### Invasion of Privacy-Intruion on Seclusion

36. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. The foregoing actions by the Defendants constitute multiple intrusions upon the seclusion of the Plaintiff.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Costs of bringing this action; and

E. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248 Nashville, tn 37211, 615-348-1977, 12/6/2017