# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

CRAIG CUNNINGHAM,

              Plaintiff, pro se,

  - against -

CAPITAL ADVANCE SOLUTIONS, LLC,
GEOFFREY HORN, CHARLES BETTA,
DANIEL LOGAN, EBF PARTNERS,
LLC, WEBBANK CORPORATION,
RETAIL CAPITAL, LLC DBA
CREDIBLY,

              Defendants.

**Civil Action No. 17-13050-FLW-DEA**

**MOTION FOR JUDGMENT ON THE
PLEADINGS**

       Defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta and

Daniel Logan, by and through the undersigned counsel of record, respectfully submit this

Motion For Judgment On The Pleadings, pursuant to Federal Rule of Civil Procedure 12(c),

for failure to allege facts from which a cause of action can be inferred.  Specifically,

defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta and Daniel

Logan contend plaintiff Craig Cunningham's Complaint fails to allege facts sufficient to

support a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as

codified by 47 C.F.R. § 64.1200(d)(4), and fails to allege facts sufficient to support a claim

against Geoffrey Horn, Charles Betta and Daniel Logan, individually.

       Defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta and

Daniel Logan rely upon the accompanying Memorandum of Law in support of this Motion.

       In accordance with the foregoing, defendants Capital Advance Solutions, LLC,

Geoffrey Horn, Charles Betta and Daniel Logan respectfully request this Court dismiss

plaintiff Craig Cunningham's claims against them.

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By:  _____
Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendants,*
*Capital Advance Solutions, Dan Logan,*
*Charlie Betta and Geoffrey Horn*

Dated: February 5, 2018

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on February 5, 2018, a true and exact copy of this Motion was served through the United States Mail, Return Receipt Requested, on:

> Craig Cunningham
> 5543 Edmondson Pike, Suite 248
> Nashville, TN 37211
> Plaintiff, Pro Se

The undersigned counsel of record further certifies that on February 5, 2018, a true and exact copy of this Motion was served upon the following individuals through the Court's e-filing system:

> Donald S. Maurice, Jr., Esq.
> Maurice Wutscher, LLP
> 5 Walter E. Foran Boulevard, Suite 2007
> Flemington, New Jersey 08822-4672
> Attorney for Defendants, Webbank Corporation and Retail Capital, LLC

> EBF Partners, LLC c/o
> National Registered Agents, Inc.
> 1111 8th Avenue
> New York, New York, 10011

> **KENT & MCBRIDE, P.C.**
>
> Christopher D. Devanny, #3719
> One Arin Park
> 1715 Highway 35, Suite 305
> Middletown, New Jersey 07748
> Phone: 732-326-1711
> Email: cdevanny@kentmcbride.com
> *Attorney for Defendants,*
> *Capital Advance Solutions, Dan Logan,*
> *Charlie Betta and Geoffrey Horn*

Dated: February 5, 2018

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ........................................................................ 7

II.     STATEMENT OF FACTS .............................................................................. 8

III.    ARGUMENT ................................................................................................ 10

        A.      STANDARD OF REVIEW ................................................................ 10

        B.      Count One of plaintiff's Complaint must be dismissed because plaintiff fails
                to allege facts sufficient to support a claim for relief under 47 U.S.C. §
                227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4). .................................. 11

        C.      Plaintiff fails to allege facts sufficient to support a claim against Geoffrey
                Horn, Charles Betta and Daniel Logan in their individual capacities and, as
                such, they are entitled to dismissal. ........................................................ 15

IV.     CONCLUSION .......................................................................................... 16

4

## TABLE OF AUTHORITIES

**Federal Cases:**

*Ashcroft v. Iqbal,*
      556 U.S. 662, 129 S. Ct. 1937, 1173 L. Ed. 2d 868 (2009) .............................. 11

*Bell Atl. Corp. v. Twombly,*
      550 U.S. 544,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 11

*Cleary by Cleary v. Waldman,*
      959 F. Supp. 222 (3d Cir. 1997) ......................................................................... 13

*Evancho v. Fisher,*
      423 F.3d 347 (3d Cir. 2005) .............................................................................. 11

*In re Synchronoss Secs. Litig.,*
      705 F. Supp. 2d 367 (3d Cir. 2010) ................................................................... 10

*Maryland Cas. Co. v. Johnson Servs., LLC,*
      61 F. Supp. 3d 461 (3d Cir, 1991) ............................................................... 11, 15

*Payan v. Greenpoint Mortgage Funding,*
      681 F. Supp. 2d 564  (3d Cir. 2010) ............................................................ 10, 11

*Phillips v. Cnty of Allegheny,*
      515 F.3d 224 (3d Cir. 2008) ......................................................................... 11, 15

*Tate & Lyle, Inc. v. CIR,*
      87 F.3d 99 (3d Cir. 1996) ................................................................................... 13

*Turbe v. Government of the Virgin Islands,*
      938 F.2d 427 (3d Cir. 1991) .............................................................................. 11

**State Cases:**

*Lyon v. Barrett,*
      89 N.J. 294 (1982) ...................................................................................... 15, 16

*State Dept. of Envtl. Prot. v. Ventron Corp.,*
      94 N.J. 473 (1983) ............................................................................................. 15

5

## Federal Statutes:

47 U.S.C.
    § 227(b) ................................................................................ 10
    § 227(c)(1) ............................................................................. 13
    § 227(c)(5) .............................................. 7, 9, 11, 12, 13, 14, 15

47 C.F.R.
    § 64.1200(d)(4) ................................... 7, 10, 11, 12, 13, 14, 15

## Rules:

Federal Rules of Civil Procedure
    12(c) ................................................................................... 10
    8(a)(2) ................................................................................. 16

## PRELIMINARY STATEMENT

Plaintiff Craig Cunningham filed a Complaint against defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, EBF Partners, LLC, Webbank Corporation, and Retail Capital, LLC, dba Credibly, alleging he received automated telephone calls in violation of the federal Telephone Consumer Protection Act.  Plaintiff alleges the automated telephone calls constitute an invasion of privacy, or intrusion into seclusion.  However, Count One of plaintiff's Complaint fails to allege facts from which a cause of action can be inferred, and defendants Geoffrey Horn, Charles Betta and Daniel Logan, individually, are entitled to a dismissal.

First, Count One of plaintiff's Complaint fails to allege facts sufficient to support a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4).  The cited statutory provisions pertain to residential telephone subscribers and plaintiff's Complaint alleges he received automated telephone calls on his cellular telephone.  Therefore, Count One of plaintiff's Complaint must be dismissed because it fails to allege facts sufficient to support a claim for relief.

Second, plaintiff's Complaint fails to allege facts sufficient to support a claim against defendants Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities. Therefore, defendants Horn, Betta and Logan are entitled to dismissal.

Accordingly, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan respectfully request the Court grant their Motion to Dismiss Count One of plaintiff's Complaint and each of plaintiff's claims against Horn, Betta and Logan in their individual capacities.

7

## STATEMENT OF FACTS

1.       On or about December 13, 2017, plaintiff Craig Cunningham filed a Complaint against defendants Capital Advanced Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, EBF Partners, LLC, Webbank Corporation, and Retail Capital, LLC, dba Credibly, alleging violations of the federal Telephone Consumer Protection Act and invasion of privacy, or intrusion into seclusion.  A copy of plaintiff Craig Cunningham's Complaint is attached hereto as Exhibit A.

2.       On or about January 8, 2018, this office filed an Answer to plaintiff Craig Cunningham's Complaint on behalf of defendants Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta and Daniel Logan.  A copy of said defendants' Answer is attached hereto as Exhibit B.

3.       Plaintiff Craig Cunningham's Complaint arises from a series of alleged telephone calls placed from an automated telephone dialing system to plaintiff's cellular telephone, number (615) 212-9191.  See Exhibit A.

4.       Plaintiff claims the alleged automated telephone calls were placed by or on behalf of defendant Capital Advance Solutions, LLC, at the direction of defendants Geoffrey Horn, Charles Betta and Daniel Logan.  See Exhibit A.

5.       Plaintiff further claims the alleged automated telephone calls were placed for the ultimate benefit of defendants EBF Partners, LLC, Webbank Corporation, and Retail Capital, LLC dba Credibly.  See Exhibit A.

6.       Plaintiff claims the alleged automated telephone calls contained the following pre-recorded message: "Stop and listen.  Do you need immediate cash?  Need additional

working capital? No collateral? No fixed payments? Bad credit? No problem. Press one to be connected. Press two if you are not interested." See Exhibit A.

7.      Plaintiff maintains he applied for a loan, pursuant to the instructions within the message of the telephone calls, for the sole purpose of identifying the parties responsible for said telephone calls, and was transferred to Capital Advance Solutions employee Mike Tabasco after answering various qualifying questions. See Exhibit A.

8.      Plaintiff alleges the automated telephone calls are legally prohibited without express or implied consent from their intended recipient. See Exhibit A.

9.      Plaintiff claims he never gave his cellular telephone number to any of the named defendants, nor did plaintiff ever expressly or impliedly consent to automated telephone calls from any of the named defendants. See Exhibit A.

10.     Plaintiff maintains defendants EBF Partners, LLC, Webbank, LLC and Retail Capital, LLC dba Credibly are vicariously liable for the alleged automated telephone calls from Capital Advance Solutions because EBF Partners, Webbank and Retail Capital dba Credibly supply business loans to individuals who apply for said loans through Capital Advance Solutions in response to the automated telephone calls. See Exhibit A.

11.     In other words, plaintiff maintains defendants EBF Partners, Webbank and Retail Capital dba Credibly are vicariously liable for the automated telephone calls from Capital Advance Solutions because EBF Partners, Webbank and Retail Capital dba Credibly arrange for the automated calls to be placed on their behalf. See Exhibit A.

12.     In Count One of his Complaint, plaintiff claims the alleged automated telephone calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5),

9

as codified by 47 C.F.R. § 64.1200(d)(4), because defendants failed to implement a written policy regarding telemarketing, failed to maintain a do-not-call list, and failed to utilize trained personnel to engage in telemarketing.  See Exhibit A.

13.    In Count Two of his Complaint, plaintiff claims the alleged telephone calls violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b), because the calls were automated.  See Exhibit A.

14.    In Count Three of his Complaint, plaintiff claims defendants' actions, with regard to the placement of the alleged automated telephone calls, constitute intrusion upon plaintiff's seclusion.  See Exhibit A.

15.    Accordingly, plaintiff seeks statutory damages of three thousand dollars ($3,000.00) per each alleged automated telephone call received.  See Exhibit A.

## LEGAL ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings."  A Rule 12(c) motion is a "'summary proceeding' on the merits in the sense that [it deals] directly with the existence of a meritorious claim or defense." In re Synchronoss Secs. Litig., 705 F. Supp. 2d 367, 392 (3d Cir. 2010) (citations omitted).

"Under Rule 12(c), the movant must clearly establish that 'no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Payan v. Greenpoint Mortgage Funding, 681 F. Supp. 2d 564, 567 (3d Cir. 2010). "When a motion under Rule 12(c) is based on a plaintiff's failure to state a claim upon which relief can be

granted, it is reviewed under the same standard as a 12(b)(6) motion to dismiss." Maryland Cas. Co. v. Johnson Servs., LLC, 61 F. Supp. 3d 461, 464 (citing Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." Payan, supra, 681 F. Supp. 2d at 567 (citing Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

"In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level." Maryland Cas. Co., supra, 61 F. Supp. 3d at 463 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007)). "[A] court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Ibid. (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). "The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible." Ibid. (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 463-64 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 173 L. Ed. 2d 868, 884 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Ashcroft, supra, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d at 884.

## POINT ONE

**Count One of plaintiff's Complaint must be dismissed because plaintiff fails to allege facts sufficient to support a claim for relief under 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4).**

In Count One of his Complaint, plaintiff claims the alleged automated telephone

11

calls, placed by and on behalf of defendants, to plaintiff's cell phone, violate 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), as codified by 47 C.F.R. § 64.1200(d)(4), because defendants failed to implement a written policy regarding telemarketing, failed maintain a do-not-call list, and failed utilize trained personnel to engage in telemarketing. See Exhibit A. However, the statutory provisions to which plaintiff cites do not afford protection to cellular telephone subscribers, but only afford protection to residential telephone subscribers.

47 U.S.C. § 227 of the TCPA implements restrictions on the use of telephone equipment. In Count One of his Complaint, plaintiff alleges defendants' violated 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. § 64.1200(d)(4). The plain language of 47 U.S.C. § 227(c)(5) states:

> Private right of action.  A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --
>
> (A)     an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> (C)     both such actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If

12

> the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

While the plain language of 47 U.S.C. § 227(c)(5) appears to provide a valid cause of action based on the facts giving rise to plaintiff's Complaint, 47 U.S.C. § 227(c)(5) must be read in conjunction with the remaining portions of 47 U.S.C. § 227(c), Protection of Subscriber Privacy Rights.  See Cleary by Cleary v. Waldman, 959 F. Supp. 222, 229-30 (3d Cir. 1997) (stating "[a] statute must be read as a whole; words depend upon context; 'they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used') (citing Tate & Lyle, Inc. v. CIR, 87 F.3d 99, 104-05 (3d Cir. 1996)).

47 U.S.C. § 227(c)(1) states:

> Rulemaking proceeding required.  Within 120 days after the date of enactment of this section . . . the Commission shall initiate a rulemaking proceeding concerning the need to protect *residential telephone* subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

> (Emphasis added).

Accordingly, 47 U.S.C. § 227(c), including 47 U.S.C. § 227(c)(5), pertains only to telephone solicitations made to *residential* telephone subscribers.

Moreover, 47 C.F.R. § 64.1200(d)(4) states:

> Identification of sellers and telemarketers.  A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at

13

which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

Similar to 47 U.S.C. § 227(c)(5), the plain language of 47 C.F.R. § 64.1200(d)(4) appears to provide a valid cause of action based on the facts giving rise to plaintiff's Complaint. Nonetheless, like 47 U.S.C. § 227(c)(5), which must be read in conjunction with 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(d)(4) must be read in conjunction with 47 C.F.R. § 64.1200(d). 47 C.F.R. § 64.1200(d) states:

No person or entity shall initiate any call for telemarketing purposes to a *residential telephone* subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

(Emphasis added).

Accordingly, 47 C.F.R. § 64.1200(d), including 47 C.F.R. § 64.1200(d)(4), also pertains only to telephone solicitations made to *residential* telephone subscribers.

In the present case, plaintiff Craig Cunningham alleges defendants placed automated telephone calls to his *cellular* telephone, number (615) 212-9191, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4). However, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) do not protect *cellular* telephone subscribers, but are limited to redress for violations of TCPA regulations concerning *residential* telephone subscribers. Therefore, plaintiff cannot rely on 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) for protection. Accordingly, Count One of plaintiff's Complaint must be dismissed because plaintiff fails to allege facts sufficient to support a claim for relief under 47 U.S.C. §

14

227(c)(5) and 47 C.F.R. § 64.1200(d)(4).

## POINT TWO

**Plaintiff fails to allege facts sufficient to support a claim against Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities and, as such, they are entitled to dismissal.**

Plaintiff's Complaint merely states the alleged automated telephone calls were placed by or on behalf of defendant Capital Advance Solutions, LLC, at the direction of defendants Geoffrey Horn, Charles Betta and Daniel Logan.  See Exhibit A.  That allegation, standing alone, is an insufficient basis upon which to support a claim against Horn, Betta and Logan, individually.

As previously stated, "[i]n order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level." Maryland Cas. Co., supra, 61 F. Supp. 3d at 463 (citation omitted).  "[A] court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Ibid. (citing Phillips, supra, 515 F.3d at 231).  Instead, '[t]he complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible." Ibid. (citation omitted).

Moreover, "a corporation is a separate entity from its shareholders." State Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983) (citing Lyon v. Barrett, 89 N.J. 294, 300 (1982)).  "[A] primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." Ibid. (citation omitted).  "In the absence of fraud or injustice, courts generally will not pierce the corporate veil to impose liability on the

15

corporate principals." <u>Lyon</u>, <u>supra</u>, 89 <u>N.J.</u> at 300 (citations omitted).

Here, plaintiff's Complaint does not allege in what capacity defendants Geoffrey Horn, Charles Betta and Daniel Logan are associated with Capital Advance Solutions. In the absence of fraud or injustice, which plaintiff does not allege in his Complaint, defendants Horn, Betta and Logan cannot be held liable for the actions of Capital Advance Solutions merely because they are employees, shareholders and/or corporate principals of the limited liability corporation.

Plaintiff contends Horn, Betta and Logan are liable because they directed the placement of the automated telephone calls, but plaintiff does not provide any supporting facts to bolster that contention, nor does he provide any details from which a court could determine how he arrived at that conclusion. Plaintiff merely makes a bald and conclusory allegation without citing specific facts necessary to sustain a viable claim against defendants Horn, Betta and Logan. Without facts sufficient to prove the plausibility of his contention, plaintiff's claim against Horn, Betta and Logan is nothing more than a legal conclusion cast in the form of an unsupported factual allegation. Accordingly, plaintiff fails to allege facts sufficient to support a claim for relief against Geoffrey Horn, Charles Betta and Daniel Logan in their individual capacities. Therefore, Horn, Betta and Logan are entitled to dismissal in accordance with Federal Rule of Civil Procedure 8(a)(2).

## CONCLUSION

For the foregoing reasons, defendants Capital Advance Solutions, Geoffrey Horn, Charles Betta and Daniel Logan respectfully request the Court grant their Motion for

Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), as plaintiff

Craig Cunningham's Complaint fails to allege facts sufficient to support a claim under the

Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), as codified by 47 C.F.R. §

64.1200(d)(4), and fails to allege facts sufficient to support a claim against Geoffrey Horn,

Charles Betta and Daniel Logan, in their individual capacities.

Respectfully submitted,

**KENT & MCBRIDE, P.C.**

By:           

Christopher D. Devanny, #3719
One Arin Park
1715 Highway 35, Suite 305
Middletown, New Jersey 07748
Phone: 732-326-1711
Email: cdevanny@kentmcbride.com
*Attorney for Defendants,*
*Capital Advance Solutions, Dan Logan,*
*Charlie Betta and Geoffrey Horn*

Dated:  February 5, 2018

17