# EXHIBIT C

US District Court of New Jersey (Trenton)

RECEIVED

)   Craig Cunningham

)   Plaintiff, pro se

MAR 20 2018

)

AT 8:30
WILLIAM T. WALSH ─M
CLERK

)          v.

**CIVIL ACTION NO.**  3:17-cv-13050-FLW-DEA

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, Dianne Betta, EBF Partners, LLC

)   Defendants.

**Plaintiff's Response in Opposition to Defendant EBF's Motion to Dismiss**

1. The Plaintiff files this response in opposition to the Defendant's motion to dismiss:

**The Plaintiff's claims should not be dismissed pursuant to FRCP 12(b)(2)**

2. Defendant EBF partners contracted with a New Jersey entity, Capital advance Solutions in this case and agreed to provide money for loans brokered through Capital Advance Solutions. Furthermore, Defendant EBF regularly makes loans to New Jersey businsses and solicits New Jersey businesses for additional loans, which constitutes regularly doing business in New Jersey.

3. As an example, Defendant EBF was named in a Bankruptcy proceeding where they gave a loan to a New Jersey corporation. In Lam Cloud Management, LLC vs Retail Capital, LLC d/b/a Credibly, et al, case 17-01217-MBK, US Bankruptcy Court, District of New Jersey, 2017, Defendant EBF was described as *"a broker,*

1

*an alternative lender, and/or an apparent or actual agent of the other FBF*

*defendants originating, funding, and/or servicing loans to merchants including*

*the debtor, and a creditor of the debtor."* and further it states that EBF funded

loans to New Jersey corporations as part of their business stating *"The FBF Loan*

*was brokered by Synergy, serviced by Yellowstone, and funded by EBF."*

4. In another bankruptcy filing, it appears that Defendant EBF lent money to another

New Jersey corporation and took actions such as filing a UCC-1 form in New

Jersey to perfect their security interest in the New Jersey Corporation. In Silicon

Alley Group, Inc., v EBF Partners, LLC dba Everest Business Funding, case 16-

01689, US Bankruptcy Court for the District of New Jersey, 2016 .

5. Defendant EBF even tacitly admits that they do business in New Jersey in their

pleadings stating that EBF *"does not directly market or solicit for business in*

*New Jersey"* which indicates that they do indirectly market and solicit for

business in New Jersey and would therefore reasonably expect to be haled into

court there.

6. The defendants have purposefully availed themselves by soliciting, directly or

indirectly, and offering loan services to multiple corporations located in New

Jersey. By engaging in court proceedings in New Jersey they have invoked the

benefits and protections of the State of New Jersey. The claims in this case relate

to the Defendants forum related activities which includes lending money through

a New Jersey corporation, Defendant Capital Advance Solutions. The exercise of

jurisdiction is reasonable.

2

7.  The Plaintiff's claims arise from the contract and agreement to lend money to clients brokered from Defendant Capital Advance as Defendant EBF is a "seller" of goods/services as defined by the TCPA and therefore liable for the calls placed to sell their services. Defendant EBF relies on Defendant Capital Advance to market on their behalf for soliciting consumers across the country, including New Jersey, for loans.

8.  The Plaintiff's claims are not contingent on the Plaintiff's "solicitory acts" to establish jurisdiction over EBF. The liability and jurisdiction existed as soon as the Plaintiff's cell phones rang, it just wasn't known to the Plaintiff at the time until the Plaintiff recieved a loan offer from Defendant EBF. EBF essentially hired Defendant Capital Advance to break the law on their behalf. The contract between Defendant EBF and Capital advance predated the calls to the Plaintiff. The loan application merely confirms the involvement of Defendant EBF in this case.

9.  The Plaintiff's application was not the genesis of what brought Defendant EBF into the action. The Plaintiff could have obtained every lender contracted with Defendant Capital advanced and sued every single one of them. In this case, the Plaintiff applied for a loan to see specific and not hypothetical lenders that their services were offered by Defendant Capital Advance. The TCPA violations arise from the calls placed to sell the loan products offered by Defendant EBF.

**The Plaintiff's claims should not be dismissed for failure to state a claim**

10. The Plaintiff has adequately stated a claim under the TCPA. The Plaintiff not only
    stated facts, but has included exhibits of the loan application and loan offer from
    Defendant EBF in his amended complaint. This is sufficient to support with facts
    and evidence that Defendant EBF hired or contracted with Capital Advance
    Solutions to make illegal calls.

11. Applying for a loan that I never intended to obtain doesn't make the illegal phone
    calls soliciting for that loan, particularly those calls prior to the application any
    less illegal. It just unmasks the seller of goods/services without the need to delve
    into discovery before the filing of a lawsuit. EBF is being sued as they are a liable
    party, not because they individually placed the phone calls. The contract and
    application prove that Defendant EBF is vicariously liable and that their specific
    loan services were what was being offered as a result of the calls to the Plaintiff.

12. At least 21 of the calls complained of predate the loan application, which is dated
    October 19, 2016, some by more than a year:

| Caller ID | Date All in 2015 | 21 calls |
|---|---|---|
| 734-265-9115 | 10/20/2015, | inbound |
| | 10/12/2015 | inbound |
| | 10/14/2015 | inbound |
| | 10/19/2015 | inbound |
| 551-666-4992 | 12/10/2015 | inbound |
| 732-865-8040 | 03/25 | inbound |
| | 03/26 | inbound |
| | 04/01 | inbound |
| | 04/03 | inbound |
| | 04/06 | inbound |
| | 04/07 | inbound |
| | 04/10 | inbound |
| | 04/13 | inbound |
| | 04/21 | inbound |
| | 07/24 | inbound |
| | 07/29 | inbound |
| | 10/22 | inbound |

| | 10/26/2015 Twice | inbound |
|---|---|---|
| | 11/02 | inbound |
| 609-457-9175 | Text message Mike Tabasco | inbound |

**Count 1 of the complaint should not be dismissed for failure to state a claim**

13. The Defendants are simply flat wrong. 47 CFR 64.1200(d) absolutely applies to

cellular phones. The Defendants are apparently conflating "landline" phones with

"residential" phones, but the FCC and 47 CFR 64.1200 define this:

*14. 47 CFR 64.2305 - Definitions:*
*(b) Business subscriber. Business subscriber refers to a subscriber to telephone*
*exchange service for businesses.*

*(d) Residential subscriber. Residential subscriber refers to a subscriber to*
*telephone exchange service that is not a business subscriber.*

15. The Defendants simply state with no statutory or caselaw support that 47 CFR
64.1200(d) doesn't apply to cell phones, and Courts have ruled otherwise.
Furthermore, the Plaintiff's cell phone is paid for by the Plaintiff's personal
accounts and is not a business subscriber of the phone service, which means it is
by default a residential subscriber line.

16. Multiple courts have clearly stated that a cell phone can be alleged to be a

"residential number" in a complaint: *"It may be that in some cases an individual*

*who relies on a cellular phone may nevertheless fall within the definition of a*

*"residential telephone subscriber" under the act. The Plaintiff must establish that*

*his cellular phone number is used for residential purposes. See Lee v.*

*Loandepot.com, LLC, No. 14-CV-01084-EFM, 2016 WL 4382786, at *6 (D. Kan.*

*Aug. 17, 2016"* as the court held in Cunningham v Rapid Response Monitoring ,

MD Tennessee 251 F.Supp.3d 1187 (2017).

17. Just because the Plaintiff recieved the text messages and calls on a cell phone

doesn't automatically foreclose on the issue of liability under 47 CFR 64.1200,

and as the Plaintiff does not maintain a landline phone and only uses a cell phone

at his residence, the Plaintiff's phone is obviously residential line as it is not

owned in the name of any business. The Plaintiff has pled that his cell phone is

his residential phone in the amended complaint, which is sufficient to state a

claim.

Respectfully submitted,

Craig Cunningham
Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977 3/15/2018

6

# EXHIBIT D

US District Court for New Jersey (Trenton)

)    Craig Cunningham

)    Plaintiff, pro se

)

)        v.

RECEIVED

MAR 20 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**CIVIL ACTION NO.** 3:17-cv-13050

)

)    Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan,  EBF
Partners, LLC, Webbank Corporation, Brian Ebersole, Eric Oakley, and JGRD, Inc.,
Retail Capital, Inc., dba Credibly

)    Defendants.

### Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was present
   has a mailing address of 5543 Edmondson Pike, ste 248 Nashville, TN 37211

2. Capital Advance Solutions, LLC is a New Jersey Corporation operating from
   1715 State Rt. 35, ste 302, Middletown, NJ 07748 and can be served at the same
   address .

3. Geoffrey Horn is a corporate officer of Capital Advance Solutions and can be
   served at 2 Water St., Apt 10E, New York, New York 10004

4. Charles Betta is a corporate officer of Capital Advance Solutions and can be
   served at 3 Oldwick Court, Leonardo, NJ 07737.

5. Dan Logan is the CFO of Capital Advance Solution and can be served at 1715
   State Rt. 35, ste 302, Middletown, NJ 07748

1

6. EBF Partners, LLC is a New york corporation that can be served via registered

   agent, National Registered Agents, Inc, 111 8th Ave, New York, New York,

   10011.

7. WebBank Corporation is a utah Corporation with a registered agent of George

   Sutton and can be served c/o Jones Waldo, Holbrook, and McDonough, 170 So.

   Main Ste 1500, Salt Lake City, UT 84101

8. Brian Ebersole is a natural person who can be served at 2204 Cliff Drive Newport
   Beach, CA 92663.

9. Eric Oakley is a natural person and resident of California who can be served at
   2973 Harbor Blvd., # 263 Cota Mesa, CA 92626 and is responsible for the calls
   placed by Velocity Information Corp.

10. JGRD, Inc. is a Pennsylvania corporation with its principal offices in
    Pennsylvania and can be served via Corporate officers Charles Jospe Garis at
    3932 Shainline Ct., Collegeville, PA 19426 or Randy Delp at the same address.
    The corporate address is listed as 1026 Jefferson St., Red Hill, PA 18076.

11. Retail Capital, LLC dba Credibly is a New York Corporation registered to do
    business in Michigan and can be served via registered agent Brian Raznick at
    27777 Franklin Road, ste 2500 Southfield, MI 48034 or 1250 Kirts Blvd., ste 100
    Troy, Michigan 48084.

**Jurisdiction**

12. Jurisdiction of this court arises as the defendants reside and conduct business in

    New Jersey and Capital Advance is a New Jersey Corporation. Subject matter

    jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

13. Venue in this District is proper as the defendants are subject to personal

    jurisdiction based on the continuous and systematic contacts from the forum state

of New Jersey. The telephone calls which led to the violations of alleged here originated in New Jersey.

14. Defendants EBF, Credibly, and Webbank has purposefully availed themselves of the benefits and protections of New Jersey law by making loans to businesses in New Jersey, marketing to businesses in New Jersey, and by participating in court actions in New Jersey, including bankruptcy actions. Based on the marketing activities conducted on behalf of Defendant EBF through a contact between Defendants EBF, Credibly, and Webbank and Capital Advance, the Plaintiff was contacted illegally, for which he brings this present lawsuit.

15. Defendants EBF, Credibly, and Webbank regularly makes loans to New Jersey corporations and conducts business including marketing to New Jersey businesses. Defendants EBF, Credibly, and Webbank also has contracted with Defendant Capital Advance Solutions to conduct marketing and obtain customers for Defendants EBF, Credibly, and Webbank that are interested in obtaining loan products from Defendant EBF through Defendant Capital Advance as an intermediary. Defendant EBF pays Defendant Capital Advance commission fees for each and every client obtained by Defendant Capital Advance for Defendant EBF.

## FACTUAL ALLEGATIONS

### Calls from Capital Advance Solutions

16. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's cell phone, which was 615-212-9191. These calls were clearly automated and

3

made by an automated telephone dialing system as defined by 47 USC 227(a)(1),

which can store or produce telephone numbers to be called using a random or

sequential number generator and delivered a pre-recorded message.

17. Calls were placed to the Plaintiff's cell phone 615-212-9191 by or on behalf of

Capital Advance Solutions, LLC at the direction of Geoffrey Horn, Charles Betta,

and Daniel Logan for the ultimate benefit of EBF Partners, LLC and Credibly,

LLC and Webbank

18. The pre-recorded message said *"Stop and and listen. Do you need immediate

cash? Need additional working capital? No collateral? No fixed payments? Bad

Credit? No problem. Press 1 to be connected. Press 2 if you are not interested"*

19. The Plaintiff was asked a few qualifying questions and was then transferred live

to Mike Tabasco, an employee of Capital Advance Solutions.

### Calls by Capital Advance

20. The Plaintiff has identified some 31 calls, most of which are detailed below. The

Plaintiff is still in the process of researching calls and may very well find

additional calls for which the defendants are liable:

| Caller ID | Date All in 2015 | 21 calls |
|---|---|---|
| 734-265-9115 | 10/20/2015, | inbound |
| | 10/12/2015 | inbound |
| | 10/14/2015 | inbound |
| | 10/19/2015 | inbound |
| 551-666-4992 | 12/10/2015 | inbound |
| 732-865-8040 | 03/25 | inbound |
| | 03/26 | inbound |
| | 04/01 | inbound |
| | 04/03 | inbound |
| | 04/06 | inbound |

| | | |
|---|---|---|
| | 04/07 | inbound |
| | 04/10 | inbound |
| | 04/13 | inbound |
| | 04/21 | inbound |
| | 07/24 | inbound |
| | 07/29 | inbound |
| | 10/22 | inbound |
| | 10/26/2015 Twice | inbound |
| | 11/02 | inbound |
| 609-457-9175 | Text message Mike Tabasco | inbound |

21. The Plaintiff also identified the end users or "sellers" of the loan products offered
    by Capital Advance Solutions as Credibly, LLC and WebBank which jointly
    provide business loans and EBF Partners, LLC. Additionally, Credibly placed
    calls to the Plaintiff cell phone, although the Plaintiff is still in the process of
    identifying all the calls from Defendant Credibly that they directly placed.

22. Credibly, LLC and WebBank are liable under the theory of vicarious liability
    under the doctrines of actual authority, apparent authority, and ratification. The
    Plaintiff applied for a loan through Capital Advance Solutions only to identify the
    end users, and received a rejection letter from Credibly/WebBank which states:
    *"Thank you for applying to us for credit through Capital Advance Solutions"* on
    Credibly, LLC letterhead listing the address of Credibly at 1250 Kirts Blvd., ste
    100, Troy, Michigan 48084, dated March 1, 2016.

23. EBF Partners, LLC was implicated in this illegal conduct as they sent the Plaintiff
    a contract to loan money to the Plaintiff with the date of 10/19/2016 in the name
    of Everest Business Funding. The contract was an offer to lend $30,000 with a
    payback of $41,100 and daily payment of $289.44. The contract indicated it was

5

from EBF Partners, LLC with an address of 5 West 37th street, 2nd Floor, New

York, New York 10018. The 18 page contract included an application from

Capital Advance Solutions at the very end indicating that Capital Advance

Solutions was the broker that sent the loan to EBF Partners, LLC.

24. Based on information disclosed in the previous lawsuit, that the Defendants

obtained the Plaintiff's cell phone from a lead broker that provided inaccurate

information about the Plaintiff being interested in a business loan. Buying leads

fails to convey express written consent, particularly when the individual called is

not the right person. The Plaintiff never gave the lead broker or any of the

defendants his cell phone number  and never gave express or implied consent for

the defendants or any lead brokers to call his cell phone using an automated

telephone dialing system or with a pre-recorded message.

25. The Defendants would have had to obtained the Plaintiff's signature clearly

authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls

to be permitted under the law, and the Plaintiff has signed no such document for

the defendants.

26. Defendants EBF, Credibly, and WebBank essentially hired Defendant Capital

Advance to break the law on their behalf by placing illegal telemarketing calls to

consumers for which Defendants EBF, Credibly, and WebBank  would profit.

27. Defendant Credibly and Capital Advance Solutions are directly liable for each

and every call as they arranged for the phone calls to be placed on their behalf and

is considered a "Seller" under the FCC's guidance and TCPA.

6

**Personal liability of Geoffrey Horn, Charles Betta, and Dan Logan**

28. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of Capital Advance Solutions.

29. The corporate officers personally decided to hire, pay, selected the telemarketers being used, and ultimately secured the telemarketing services of Brian Ebersole, Eric Oakley, and JGRD, Inc., as part of a massive robocalling operation nationwide. Geoffrey Horn, Charles Betta, and Dan Logan knew their dialing campaign would be illegal, but intentionally decided to engage in the illegal actions regardless.

30. Geoffrey Horn, Charles Betta, and Dan Logan stood idly by while hundreds of thousands of illegal robocalls were placed on behalf of their lenders to sell loan services when a reasonable person would have stopped the calls from happening.

**Liability of Brian Ebersole, Eric Oakley, and JGRD, Inc.,**

31. These entities are the actual companies or executives of defunct companies that dialed the calls to the Plaintiff at the direction of Dan Logan, Geoffrey Horn, Charles Betta, and Capital Advance Solutions on behalf of Defendants EBF, Retail Capital, and Webbank.

32. These individual defendants knowingly placed the illegal calls to the extent that Brian Ebersole and Eric Oakley were sued by the FTC to stop a "Massive Robocalling operation" according to the press release from the FTC.

**The Plaintiff's Cell phone is a residential line**

33. The text messages were to the Plaintiff's cellular phonne 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household

use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## VICARIOUS LIABILITY

### Actual Authority

34. Defendants EBF, Credibly, and WebBank are also vicariously liable under the FCC's ruling according to the traditional agency principles to include actual authority, apparent authority, and ratification.

35. Defendants EBF, Credibly, and WebBank are liable under actual authority as they directly hired Defendant Capital Advance Solutions to place illegal telephone calls and authorized the illegal telephone calls.

36. Defendants EBF, Credibly, and WebBank contracted and with Defendant Capital Advance Solutions for the purposes of placing automated calls with pre-recorded messages to consumers.

### APPARENT AUTHORITY

37. Defendants EBF, Credibly, and WebBank are liable under apparent authority as a reasonable person would have understood that Defendant Capital Advance

8

Solutions as an agent for EBF, Credibly, and WebBank had authority to act on their behalf by placing telephone calls to consumers including the Plaintiff. Based on the contracts that include the application with Capital Advance Solutions, this evidence links the conduct of Capital Advance Solutions with the loans offered by the respective lender defendants.

## RATIFICATION

38. Defendants EBF, Credibly, and WebBank are liable under the theory of ratification as they knowingly acceptend the benefits and profits of the illegal conduct and approved of the illegal telephone calls in this case. Defendants EBF, Credibly, and WebBank had actual prior knowledge that Defendant Capital Advance was conducting a nationwide robocalling campaign targeting consumers and businesses to pitch their loan products. Multiple complaints and lawsuits predate the Plaintiff's lawsuit, including class action lawsuits. Despite this, defendants EBF, Credibly, and Webbank continued to do business with Capital Advance Solutions.

39. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the defendants failed to have a a written policy regarding telemarketing, trained personnel who engage in telemarketing, failed to identify

the seller and telemarketers, and failed to maintain a do-not-call list. In total, the
Defendants owe the Plaintiff $3,000 per call.

### Invasion of Privacy-Intrusion of Seclusion

40. The Defendants intentionally intruded on the Plaintiff's solitude by placing over
20 phone calls to the Plaintiff particularly after being sued and on clear notice that
the Plaintiff did not want to be called on 615-212-9191.

41. The Defendants intruded on the Plaintiff's right to be left alone calling multiple
times per day in some instances, hounding the Plaintiff when they knew that the
Plaintiff was not interested in their services and wanted to be left alone.

42. Any ordinary person would be highly offended by being repeatedly called
particularly after previously suing the same individual for harassing and annoying
phone calls. The intrusion is illegal, unjustified, and unreasonable.

### INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

43. Defendant's calls and text messages harmed Plaintiff by causing the very harm
that Congress sought to prevent—a "nuisance and invasion of privacy."

44. Defendant's calls and text messages harmed Plaintiff by trespassing upon and
interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

45. Defendant's calls and text messages harmed Plaintiff by trespassing upon and
interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

46. Defendant's calls and text messages harmed Plaintiff by intruding upon
Plaintiff's seclusion.

47. The proximate cause of the following injuries are related to the calls and text
message

48. The Plaintiff has been harmed, injured, and damages by the calls and text message including, but not limited to:

- Reduced Device Storage space

- Reduced data plan usage

- Invasion of privacy

- Lost time tending to text messages

- Decreased cell phone battery life

- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone

- Reduced battery usage

- Annoyance

- Frustruation

- Anger

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

49. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

50. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), failing to have a written policy regarding telemarketing, failing to maintain a do-not-call list, and failing to have trained personnel who engage in telemarketing.

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

51. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

52. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by being automated as defined by the TCPA in violation of 47 USC 227(b)

## CAUSES OF ACTION:

## COUNT III

### Invasion of Privacy-Intruion on Seclusion

12

53. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

54. The foregoing actions by the Defendants constitute multiple intrusions upon the seclusion of the Plaintiff.

## PRAYER FOR DAMAGES AND RELIEFS

A.   WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B.   Statutory damages of $3000 for each phone call.

C.   Actual damages as determined at trial

D.   Pre-judgment interest from the date of the phone calls.

E.   Costs of bringing this action; and

F.   For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham
   Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977

3/14/2018