US District Court of New Jersey (Trenton)

CLERK
US DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 MAY -8 A 11: 10

)   Craig Cunningham

)   Plaintiff, pro se

)

)       v.

CIVIL ACTION NO. 3:17-cv-13050-FLW-DEA

)

)   Capital Advance Solutions, LLC, et al

)   Defendants.

**Plaintiff's Consolidated Response in Opposition to the Motions to Dismiss filed by Capital Advance Solutions and the individual defendants, EBF Partners, and Web Bank/Retail Capital, LLC**

1. The Plaintiff files this response in opposition to the motions to dismiss filed by the Defendants in this case

**The Plaintiff's claims should not be dismissed as directed against Capital Advance Solutions and the individual Defendants of Geoffrey Horn, Charles Betta, and Dan Logan**

**Point I: The Plaintiff's amended complaint should not be dismissed as it was filed in response to the motion to dismiss by EBF Partners.**

2. As an initial issue, the Plaintiff's complaint should not be dismissed because the Plaintiff didn't seek leave to amend is complaint. The Plaintiff is entitled to file an amended complaint in response to the motion to dismiss filed by EBF Partners, for which a deadline was set of 3/19/2018. As such the Plaintiff's amended

1

complaint was filed within that timeframe set by the court and thus no leave to amend is required. Additionally, the timeframe to amend is set within the scheduling order and the complaint was amended within that specified timeframe.

## Point II: The Plaintiff's cell phone is a residential number and claims for 47 USC 227(c)(5) are properly pled under count I and should not be dismissed

3. The Plaintiff has pled sufficient facts to allege his phone number is a residential number, and for the purposes of a motion to dismiss, those allegations must be assumed to be true. The Plaintiff has made no admissions that he uses his cell phone for business purposes at all, just that it is not owned in a business name or primarily used for business purposes, which defacto renders it a residential line. The Plaintiff is not required to state what business purposes it is used for in the complaint, nor is the Plaintif required to state his occupation, hobbies, credit score, favorite color, job history, 1 rep max on the bench press, or any other extraneous or irrelevant matters i n the complaint.

4. The defendants just declare without any factual or evidentiary support that *"plaintiff also predominantly uses his cell phone for business purposes"* and then launch into an wholly irrelevant and inapplicable discussion of the Stoops v Wells Fargo case, which is a summary judgment ruling after discovery and sworn deposition testimony, not an opinion rendered in the context of a motion to dismiss. This is an improper attempt by the Defendants to convert their motion to dismiss into an improperly presented motion for summary judgment.

5. In Stoops v Wells Fargo, the Plaintiff stated in sworn deposition testimony that she had over 30 cell phones in a shoebox that she kept in a closet and bought the phones with the intent of manufacturing claims to file lawsuits on and wasn't actually bothered when the phones rang. The Defendants offer no sworn deposition testimony that the Plaintiff purchased his phone with the sole purpose of receiving calls to file TCPA lawsuits. The Defendants offer no sworn deposition testimony tha the Plaintiff hoped calls would continue so he could sue on them. The Defendants offer no sworn deposition testimony that the Plaintiff owned 30+ cell phones and kept them in a shoebox in the closet. The Defendants attempt to shoehorn the Plaintiff's claims at the dismissal stage into the same category of the Plaintiff in the Stoops case which was decided at Summary Judgment, with the benefit of discovery by claiming without evidence or any caselaw support that a defendant can unilaterally declare that the Plaintiff earns his living by continuously filing TCPA claims and that the Plaintiff is *"essentially in the business of filing TCPA lawsuits"*

6. Despite this sideshow, the Defendants have once again failed to raise any genuine challenge to the fact that the Plaintiff owns a residential number that was called by the Defendants in violation of 47 USC 227(c)(5). The Defendants have not offered any record of training of employees on an internal do not call policy, they have not substantiated that they ever had an internal Do not call policy to rebut the allegations in the complaint. The Defendants have failed to offer any evidence or challenge that the Plaintiff's cell phone was anything other than a residential line in the Plaintiff's name and as such their motion should be denied.

### Point III: The individual defendants should not be dismissed as the Plaintiff has alleged sufficient facts in his amended complaint.

7. The Plaintiff's claims against the individual defendants should not be dismissed.

8. The individual defendants are corporate officers and managers of the company and made decisions on both which lenders to use and how to market the services of Capital Advance Solutions, both are central issues in this case. The Plaintiff is not required to pierce the corporate veil in order to hold an executive liable for acts that the executive personally authorized or participated in.

9. At the pleading stage, there will be some reasonable assumptions made about the allegations that must be made regarding the defendants, and discovery functions as a tool to gather evidence to prove those allegations

10. Furthermore, corporate officers have routinely been held liable under the TCPA by courts around the country going back several years. Peircing the corporate veil is completely irrelevant when the corporate officers had direct, personal participation in the actions complained of or failed to take action to stop the illegal conduct.

11. *"Although courts in the Second Circuit have yet to weigh in on the issue of personal liability under the TCPA, a number of other federal district courts have concluded that individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct."Sandusky Wellness Ctr., LLC v. Wagner*

4

*Wellness, Inc., No. 3:12 CV 2257, 2014 WL 1333472, at \*3 (N.D.Ohio Mar. 28, 2014); Universal Elections, 787 F. Supp. 2d at 416 (reasoning that "if anindividual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force."); Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC, 584 F. Supp. 2d 736, 745 (D. Md. 2008); Texas v. Am. Blastfax, Inc., 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). In reaching this conclusion, these courts relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" Universal Elections, 787 F. Supp. 2d at 416 (internal citations omitted); see alsoAm. Blastfax, Inc., 164 F. Supp. 2d at 898*[1]

## The Plaintiff's claims against WebBank corporation and Retail Capital LLC should not be dismissed.

### Point I

12. The Plaintiff can maintain his claims as he has alleged that Defendant Credibly has directly placed calls to the Plaintiff on behalf of Defendant WebBank. The Plaintiff alleges as much in his complaint, which the defendants oddly admit to in the very same paragraph where they claim the Plaintiff does not allege that Credibly called him directly.

---

[1] Bais Yaakov of Spring Valley v. Graduation Source, LLC et al, No. 7:2014cv03232 - Document 68 (S.D.N.Y. 2016)

13. The Plaintiff's complaint revolves around automated calls and is quite simply alleging that defendant Credibly also called the Plaintiff using an automated telephone dialing system. Defendant WebBank need not directly place the calls when the calls are placed on their behalf. It is also plausible that the Plaintiff needs more time to investigate and tally all calls placed by Defendant credibly. The defendant used multiple different caller ID's which makes tracking the calls placed very difficult. Despite this, the Plaintiff has produced emails from the defendants which substantiate many of the calls placed and without subpoenas sent to phone companies, it is impossible to get the phone records to provide a complete picture of the calls in question.

## Point II

14. The Plaintiff can maintain his claims against Credibly and Web Bank through vicarious liability.

15. The denial letter, clearly illustrates the agency relationship between Credibly and Web Bank for the calls placed directly by Credibly. Also, the denial letter illustrates the agency relationship involving Capital Advance Solutions as it states *"Thank you for applying to us for credit through Capital Advance Solutions"*, which indicates as alleged that there is a contractual relationship between all the parties. The Defendants Web Bank and Credibly obviously made the final decisions with the loans and decided to reject the Plaintiff's file. Web Bank and Credibly also have an indemnity contract with Defendant Capital Advance Solutions. Credibly and Web Bank were alleged to have controlled the actions of

Capital Advance and the exhibits to the complaint illustrate this further. As the court held in Birchmeier v Caribbean Cruise Line, Inc., case 12-c-4069 in the Northern District of Illinois, 2012, hiring an entity to place calls on your behalf does subject you to TCPA liability: *The Court also rejects defendants' contention that liability attaches under the TCPA only to the party that actually placed the call. To offer an example, suppose that A, a well-heeled entity that wants to sell a product or service, stands next to B, an impecunious defendant, and directs A to place unsolicited, prerecorded calls to consumers on their cell phones. Defendants' position, it appears, is that only B, the impecunious dialer, would be liable and that A would get off scot-free. A Congressional enactment that permitted this would be absurd indeed. Fortunately that is not the law under the TCPA. See, e.g., In re Jiffy Lube Int'l, Inc. Text Spam Litig., 847 F. Supp. 2d 1253, 1256-58 (S.D. Cal. 2012); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, at \*4-5 (N.D. Ill. Sept.30, 2011); Desai v. ADT Sec. Servs., Inc., No. 11 C 1925, 2011 WL 2837435, at \*1 (N.D. Ill. July 18, 2011)*

16. Actual authority is properly plead. Apparant authority is properly pled and supported with the denial documents. Finally, as a principal and agent relationship has been pled, vicarious liability can attach via ratification as Defendants Credibly and Web Bank were alleged that they knew Defendant Capital Advance was breaking the law and continued to accept the benefits of those illegal telemarketing calls.

**The Plaintiff's claims against EBF Partners should not be dismissed**

### Point I

17. The Plaintiff objects to the defendant's arguments for dismissal on point I as it is the identical argument put forth by Defendant Capital Advance and as such the Plaintiff incorporates his previous argument here in opposition to Defendant EBF.

7

The Plaintiff has properly filed an amended complaint. The Plaintiff had requested and obtained additional time to respond and filed an amended complaint in response.

### Point II: This court has personal jurisdiction over the defendants

18. The Plaintiff alleges that the court has specific personal jurisdiction over Defendant EBF.

19. The Plaintiff's claims do not rest completely on the EBF offer for credit that was emailed, nor is the Plaintiff suing Defendant EBF because they mailed the Plaintiff a contract for a loan. The emailed offer just proves that the calls from Capital Advance were on behalf of Defendant EBF, which is how liability attaches to Defendant EBF. The calls from Capital Advance came before any actions by the Plaintiff to ascertain who was calling.

20. Defendant EBF is alleged to have a contract with Defendant Capital Advance Solutions and Defendant EBF has purposefully availed themselves of the protections of New Jersey by conducting business with Defendant Capital Advance, soliciting New Jersey businesses for credit, and filing lawsuits in New Jersey. In this case, the contract with Defendant Capital Advance is the nexus to the illegal telemarketing calls and personal jurisdiction over Defendant EBF.

21. In this case, Defendant EBF contracted with Capital Advance so Capital Advance would sell loan products offered by Defendant EBF. The calls placed by Capital Advance to sell the loan products of EBF are from where the Plaintiff's claims

arise, and an exercise of jurisdiction in this case is certainly reasonable, nor do the Defendants contest that an exercise of jurisdiction would be unreasonable.

22. It is irrelevant if Defendant EBF called the Plaintiff directly, particularly when EBF hired Capital Advance to place the calls on their behalf.

23. The Plaintiff essentially just did some advance discovery to ascertain who Defendant Capital Advance sent his application to. This information would have been known after discovery and the Plaintiff would be entitled to sue Defendant EBF either way. None of the Plaintiff's actions were calculated to or have any impact on conferring jurisdiction from the court. The calls not the contract or email are what establish personal jurisdiction over Defendant EBF. Nowhere in their motion do they contest that the calls were placed on their behalf or that the calls from Capital Advance would confer jurisdiction over Defendant EBF.

24. There was no genuine affirmative request for credit, as the Plaintiff had no need, desire, or intention of actually taking a loan from anyone, particularly at the usurious rates charged by Defendant EBF. No conduct by the Plaintiff has been identified or alleged to cause Defendant Capital Advance Solutions to call the Plaintiff, which is what subjects Defendant EBF to jurisdiction in New Jersey.

## Point III: Applying for a loan doesn't make otherwise illegal telemarketing calls suddenly legal

25. The Plaintiff's claims should not be dismissed for failure to state a claim because the Plaintiff applied for a loan AFTER the illegal and offending calls were placed. Vicarious liability has nothing at all to do with the Plaintiff's actions after the

injury has occured. The Defendants launch into personal attacks against the Plaintiff mostly in their motion on this point and fail to raise any real challenge to vicarious liability, actual authority, apparant authority, or ratification. The Defendants don't deny an agency relationship with Capital Advance, nor do they deny that they have accepted the benefits of the illegal calls or taken any sort of disciplinary action against Defendant Capital Advance Solutions to stop them from illegal telemarketing.

26. The contract and loan offer from Defendant EBF specifically mentions Capital Advance Solutions as the broker/agent and is the direct link for vicarious liability of Defendant EBF in this case.

### Point IV The Plaintiff has properly alleged Count I

27. As previously explained in the Plaintiff's opposition to Capital Advance Solutions, the Plaintiff has properly alleged tht his cell phone is a residential number as it is registered to a business and the Plaintiff uses it for personal, family, and household uses and does not maintain a traditional landline number. The Plaintiff re-alleges the same opposition to point IV in Defendant EBF's motion in paragraphs 3-6 of this motion.

28. The Defendants conflate again a landline phone with a residential phone, and the relevant regulations define a residential phone as any phone other than one registered to a business. The Defendants make no challenge that the Plaintiff's cell phone is registered to a business and as such this point must fail.

Respectfully submitted,

*Craig Cunningham*
Plaintiff,

Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977 5/7/2018

US District Court of New Jersey (Trenton)

)   Craig Cunningham

)   Plaintiff, pro se

)

)           v.

**CIVIL ACTION NO.** 3:17-cv-13050-FLW-DEA

)

)   Capital Advance Solutions, LLC, Geoffrey Horn, Charles Betta, Daniel Logan, Dianne Betta, EBF Partners, LLC

)   Defendants.

### Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the defendants of record in this case via USPS first class mail and

Chris Devanny, Kent and McBridge, PC 555 Route 1 South, ste 440, Iselin, NJ 08830

and Jeffrey Bronster, 17 Wendell Place, Fairview, NJ 07022

and Donald Maurice, 5 Walter E. Foran Blvd., ste 2007, Flemington, NJ 08822

Craig Cunningham
Plaintiff,

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977 5/7/2018

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 MAY -8  A 11: 10

CRAIG CUNNINGHAM

VS

CAPITAL ADVANCE Solutions LLC