UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG CUNNINGHAM<br><br>            Plaintiffs,<br><br>v.<br><br>CAPITAL ADVANCE SOLUTIONS, LLC,<br>GEOFFREY HORN, CHARLES BETTA,<br>DANIEL LOGAN, EBF PARTNERS, LLC,<br>WEBBANK CORPORATION,<br>RETAIL CAPITAL, LLC dba CREDIBLY<br><br>            Defendants. | ). C.A. No.: 3:17-cv-13050-FLW-DEA |

**WEBBANK CORPORATION'S AND RETAIL CAPITAL, LLC'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

On the Brief:

Donald S. Maurice, Jr., Esq.

 

MAURICE WUTSCHER, LLP.
Attorneys for WebBank Corporation and Retail Capital, Inc. d/b/a Credibly
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
(908) 237-4550

Date: May 14, 2018

WebBank Corporation ("WebBank") and Retail Capital, LLC d/b/a Credibly ("Credibly") (collectively, "Defendants"), through their counsel, Maurice Wutscher, LLP, respectfully submit their Reply in Further Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"). In support thereof, Defendants state:

## INTRODUCTION

In their Motion to Dismiss, Defendants demonstrate that Plaintiff's claims are without merit and must be dismissed as a matter of law. In his Opposition to Defendants' Motion to Dismiss ("Opposition"), Plaintiff fails to directly address the arguments set forth in the Motion to Dismiss, and instead attempts to improperly correct the deficiencies that are rampant in his Amended Complaint. Specifically, Plaintiff states for the first time in his Opposition that Credibly called him using an automatic dialing system. However, his Amended Complaint is devoid of any such claim. As discussed below, Plaintiff cannot use his Opposition to improperly amend his Complaint for a second time. Instead, the Court is limited to the allegations set forth within the four corners of Plaintiff's Amended Complaint, which clearly fail to sufficiently plead a direct violation of the federal Telephone Consumer Protection Act ("TCPA") by either WebBank or Credibly.

Similarly, as in his Amended Complaint, Plaintiff's Opposition simply sets forth conclusory, yet confusing, allegations that Defendants are vicariously liable for the allegedly improper conduct of others. However, neither the Amended Complaint or Opposition set forth any facts demonstrating that Defendants, in any way, controlled or directed the acts of others. As a result, Plaintiff has failed to establish a plausible claim that any agency relationship existed between Defendants and any other party to this litigation. Accordingly, Plaintiff's claims based on the theory of vicarious liability must be dismissed as a matter of law.

# POINT I

### Plaintiff's Amended Complaint Does Not Allege That Either WebBank and/or Credibly Called Him Using an Automatic Telephone Dialing System or an Artificial or Prerecorded Voice.

As discussed in detail in Defendants' Motion to Dismiss, Plaintiff cannot maintain claims against WebBank and/or Credibly for direct violations of the TCPA because he has not alleged that either called him using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b) (prohibiting unauthorized phone calls to a consumer's cell phone using any automatic telephone dialing system or an artificial or prerecorded voice). Instead, Plaintiff simply alleges in his Amended Complaint that "Credibly placed calls to the Plaintiff cell phone, although the Plaintiff is still in the process of identifying all the calls from Defendant Credibly that they directly placed." *See* Am. Compl., ¶ 21. This is the only allegation in the Amended Complaint relating to direct calls allegedly made by Credibly. Plaintiff makes no claims whatsoever in the Amended Complaint that WebBank ever called him directly. Plaintiff's failure to allege that WebBank and/or Credibly used an ATDS and/or artificial or prerecorded voice is fatal to his TCPA claims.

In an improper attempt to correct the deficiencies in his Amended Complaint, Plaintiff now attempts, through his Opposition, to effectively, and improperly, amend his Amended Complaint. Specifically, Plaintiff now incorrectly alleges that "Plaintiff's complaint revolves around automated calls and is quite simply alleging that defendant Credibly also called Plaintiff using an automated telephone dialing system." *See* Plaintiff's Opp., ¶ 13. As discussed above, however, Plaintiff never alleged that Credibly used an ATDS. Plaintiff's improper attempt to correct the deficiencies of his Amended Complaint through his Opposition must be rejected by the Court. *See, e.g., W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 173 (3d Cir.

2013) (noting that, at the motion to dismiss stage, the court typically may not look outside the four corners of the amended complaint).

Moreover, even if the Court were to accept the new allegations set forth in Plaintiff's Opposition, the allegations fall far short of establishing a viable TCPA claim. It is well settled that allegations merely stating that a defendant used an ATDS or an artificial or prerecorded voice is insufficient to state a claim for violation of the TCPA. *See, e.g., Trumper v. GE Capital Retain Bank,* 79 F. Supp. 3d 511, 513 (D.N.J. 2014) (holding plaintiff's TCPA claim failed "under *Twombly* and *Iqbal* because [plaintiff] makes only conclusory allegations that [defendant] placed calls using an automatic telephone dialing system or an artificial or prerecorded voice"); *Baranski v. NCO Fin. Sys., Inc.,* No. 13 CV 6349 (ILG)(JMA), 2014 U.S. Dist. LEXIS 37880, *16 (E.D.N.Y. Mar. 21, 2014) (noting that "the vast majority of courts to have considered the issue have found that "[a] bare allegation that defendants used an ATDS is not enough"). Accordingly, Plaintiff's simple claim, made for the first time in his Opposition, that Credibly used an ATDS to call him is insufficient to maintain his claims.

Therefore, Plaintiff's claims that WebBank and/or Credibly directly violated the TCPA fail as a matter of law and must be dismissed.

## POINT II

**Plaintiff Failed to Sufficiently Allege an Agency Relationship and, Therefore, His Claims Based on Vicarious Liability Fail as a Matter of Law.**

In their Motion to Dismiss, Defendants established that Plaintiff cannot maintain his claims against Credibly and/or WebBank based on a theory of vicarious liability because he has failed to sufficiently plead that any agency relationship existed. Plaintiff's Opposition completely fails to rebut the arguments set forth by Defendants.

4

First, Plaintiff simply claims that "[t]he denial letter, clearly illustrates the agency relationship between Credibly and WebBank for the calls placed by Credibly." *See* Opposition, ¶ 15. As discussed above, however, Plaintiff failed to allege in his Amended Complaint that Credibly called his cell phone using an ATDS and/or artificial or prerecorded voice. Thus, WebBank cannot be held vicariously liable for the alleged phone calls made by Credibly. Notwithstanding, Plaintiff's Amended Complaint is devoid of any facts demonstrating that an agency relationship existed between Credibly and WebBank. Specifically, Plaintiff has not alleged that WebBank controlled or directed the acts of Credibly. *Sears Mortgage Corp. v. Rose,* 134 N.J. 326 (1992) ("An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent.") The fact that Plaintiff received a rejection letter from Credibly regarding a loan he voluntarily applied for is irrelevant.

Similarly, as set forth in Defendants' Motion to Dismiss, Plaintiff has failed to sufficiently allege that WebBank and/or Credibly controlled or directed the actions of Capital Advance or any other defendant. In his Opposition, Plaintiff attempts to claim that "Credibly and Web Bank were alleged to have controlled the actions of Capital Advance and the exhibits to the complaint illustrate this further." *See* Opposition, ¶ 15. Significantly, Plaintiff does not cite to any portions of his Amended Complaint in support of this baseless allegation. That is because Plaintiff's Amended Complaint does not allege that WebBank and/or Credibly controlled the actions of Capital Advance. Instead, Plaintiff simply alleges that the calls were "for the benefit of EBF Partners, LLC and Credibly, LLC and WebBank." *See,* Am. Compl., ¶ 17. Contrary to this argument, the Amended Complaint only alleges that the calls were placed "at the direction of Geoffrey Horn, Charles Betta, and Daniel Logan…" *Id; See also,* ¶ 31 (alleging the calls were

5

made "at the direction of Dan Logan, Geoffrey Horn, Charles Betta, and Capital Advance Solutions…")[1]

Plaintiff's claims based on vicarious liability fail because he has not, and cannot, allege that WebBank and/or Credibly controlled or directed the acts of any other party to this litigation.

## CONCLUSION

For the reasons discussed above and in Defendants' Motion to Dismiss, WebBank Corporation and Retail Capital, Inc. d/b/a Credibly respectfully request this Court grant their Motion to Dismiss and dismiss Plaintiff's claims in their entirety.

Respectfully Submitted,

Maurice Wutscher, LLP
Attorneys for WebBank Corporation and Retail Capital, Inc d/b/a Credibly

/s/ Donald S. Maurice
Donald S. Maurice, Esq.
5 Walter E. Foran Blvd.
Ste 2007
Flemington, NJ 08822
(908) 237-4570
dmaurice@mauricewutscher.com

Dated: May 14, 2018

---

[1] The cases cited by Plaintiff in the Opposition are inapposite to the facts currently before the Court. For example, in *Birchmeier v. Caribbean Cruise Line, Inc.,* No. 12 C 4069, 2012 U.S. Dist. LEXIS 182536, * (N.D. Ill. Dec. 28, 2012), the court noted that a non-caller that *directs* a caller to place unsolicited, prerecorded calls to consumers cell phones can be held liable under the TCPA. Here, there are no allegations in the Amended Complaint that Credibly and/or WebBank directed the actions of any other defendant.

6

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2018 a true and correct copy of the foregoing document was served via CM/ECF on all interested parties and by email and certified mail on:

Craig Cunningham
5543 Edmondson Pike, Suite 248
Nashville, TN 37211
projectpalehorse@hushmail.com

                                              /s/ Donald. S. Maurice, Esq.