UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG CUNNINGHAM, | : |
| Plaintiff, | : Civil No. 17-13050 (FLW)(DEA) |
| v. | : **ORDER** |
| CAPITAL ADVANCE SOLUTIONS, LLC, et al. | : |
| Defendant. | : |

This matter comes before the Court on a motion [ECF No. 60] by Christopher D. Devanny, Esq., Kent & McBride, P.C., to withdraw as counsel for Defendant Capital Advance Solutions, LLC ("Capital Advance"). The motion is unopposed. When a motion to withdraw is filed and substitute counsel has not entered an appearance on the affected party's behalf, the decision whether to allow counsel to withdraw its representation is within the discretion of the Court. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). In deciding whether to permit an attorney to withdraw, a court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

Having carefully considered movant's submission and the above factors, the Court finds that good cause exists to grant the motion. Consequently,

**IT IS** on this 18th day of March 2019,

**ORDERED** that the motion to withdraw [ECF No. 60] is hereby GRANTED; and it is further

**ORDERED** that Defendant Capital Advance will have 30 days from the date of this Order to obtain new counsel; and it is further

**ORDERED** that if counsel does not enter an appearance on behalf of Defendant Capital Advance by the deadline, Capital Advance may be deemed to be in default;[1] and it is further

**ORDERED** that Christopher D. Devanny, Esq. is to serve a copy of this Order on Capital Advance[2] within 7 days of the date of this Order.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge

---

[1] Corporations and LLCs, including single-member LLCs, may only appear in federal court through counsel. *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir.2008); *Simbraw, Inc. v. United States*, 367 F.2d 373, 373–74 (3d Cir. 1966)).

[2] The Certificate of Service accompanying the present motion indicates that Capital Advance was served with the Motion papers through Dan Logan, former Chief Financial Officer. This Order may be similarly served.