# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CRAIG CUNNINGHAM, | : | |
| | : | |
| Plaintiff, | : | Civ. Action No. 17-13050 (FLW) |
| v. | : | |
| | : | **ORDER** |
| CAPITAL ADVANCE SOLUTIONS, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** having been opened to the Court by *pro se* Plaintiff Craig Cunningham ("Plaintiff"), on a Motion for default judgment against Capital Advance Solutions, LLC ("Capital"), pursuant to Federal Rule of Civil Procedure 55(b)(2); it appearing that Plaintiff filed an Amended Complaint in this matter on March 20, 2018, seeking damages resulting from Capital's alleged breach of the Telephone Consumer Protection Act ("TCPA"); it appearing that, on November 20 2018, the Court entered an Order, in which Capital's Motion to dismiss Plaintiff's Amended Complaint was denied; it appearing that, following the Court's denial of Capital's Motion, Capital failed to answer or otherwise respond to the Amended Complaint; it appearing that, on February 25, 2019, default was entered against Capital by the Clerk of the Court for its failure to plead, answer, or otherwise defend in this action; it appearing that, on May 20, 2019, Plaintiff moved for default judgment; it appearing that Capital, having been duly served, has failed to oppose or otherwise respond to the Motion; the Court, having reviewed Plaintiff's submissions in connection with its motion pursuant to Fed. R. Civ. P. 78, makes the following findings:

  (1)  In order to obtain a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk

of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk default has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id.* The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Id.* (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

(2) The underlying facts pertaining to this action have been addressed by the Court in a prior Opinion, issued on November 20, 2018, and are incorporated herein. Thus, the Court will only provide a brief summary of the pertinent facts here. Plaintiff alleges that he received multiple telephone calls in 2015 from Capital, which were initiated through the use of an automated telephone dialing system. In his Amended Complaint, Plaintiff alleges that Capital's unsolicited telephone calls violated §§ 227(c)(5) and (b) of the TCPA,[1] and

---

[1] The TCPA was passed by Congress to protect consumers from receiving "intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012)). To that end, pursuant to 47 U.S.C. § 227

constituted "multiple intrusions upon the seclusion of the Plaintiff." On April 16, 2018, Capital filed a Motion to dismiss Plaintiff's Amended Complaint, on the basis that Plaintiff does not qualify as a "residential telephone subscriber," as defined under the TCPA, because the cell phone on which he was contacted is used for business purposes. However, the Court denied Capital's Motion on November 20, 2018, finding that Capital's arguments were premature on a motion to dismiss. Yet, because Capital[2] never filed an answer to Plaintiff's Amended Complaint, notwithstanding the denial of its dismissal motion, on May 8, 2019, the Clerk of Court entered default against Capital.

(3) Thereafter, Plaintiff moved for default judgment as to Capital. In his Motion, Plaintiff seeks to recover damages in the amount of $63,000, on the basis of Capital's TCPA violations. According to Plaintiff, that amount is comprised of the following: $1,500 in treble damages for each willful and knowing violation of 47 U.S.C § 227(b) and 47 U.S.C § 227(c), or $3,000 for each of the 21 alleged total telephone calls. Plaintiff's Default Judgment Motion, ¶ 4.

---

(b)(1)(A)(iii), the TPCA restricts the use of any automated telephone equipment that uses artificial or prerecorded voice to call "any telephone number" assigned to, *inter alia*, a cellular phone. In addition, 47 U.S.C. § 227(c) prohibits solicitation telephone calls to residential telephone subscribers who have registered their phone numbers on the national Do-Not-Call registry.

[2] On March 18, 2019, the Court granted Christopher D. Devanny, Esq.'s motion to withdraw as counsel for Capital. Although more than six months have passed since the motion to withdraw was granted, Capital, which, as a corporate entity, is precluded from appearing *pro se,* has not obtained new representation. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court.").

In addition, Plaintiff requests $1,100 in filing, "service," and traveling expenses." *Id.* I, however, find that Plaintiff has not shown that he is entitled to an award of $63,000 in damages.

(4) Pursuant to the TCPA, a claimant is entitled to "to receive $500 in damages for each . . . violation." 47 U.S.C. § 227(b)(3)(B). Moreover, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).[3] Courts have found that a TCPA violation is willful and knowing where the defendant contacted the claimant, even though it knew that it did not have his or her express consent. *See, e.g., Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F. Supp. 3d 551, 557 (E.D. Pa. May 13, 2019) (citing cases).

(5) Here, Plaintiff has alleged violations pursuant to 47 U.S.C § 227(b)(3) (the automated call subsection) and 47 U.S.C § 227(c)(5) (the do-not-call-list subsection), and, therefore, he is entitled to recover damages under both provisions for each alleged call.[4] However, Plaintiff has not shown that an

---

[3] 47 U.S.C. § 227(c)(5), too, allows for $500 in damages for each violation, and permits the Court to grant an award of treble damages not to exceed $1,500, for each willful and knowing solicitation call.

[4] The Court notes that, although the Third Circuit has not had the occasion to address this issue, the Sixth Circuit and district courts within this Circuit have concluded that a claimant is entitled to recover damages under separate subparts of the TCPA, even if the alleged violations arose from the same telephone call. *See, e.g., Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) ("We therefore conclude that a person may recover statutory damages [pursuant to §

enhanced award of $1,500 is appropriate, on the basis of Capital's alleged willful and knowing conduct. Indeed, in his Motion for default judgment, Plaintiff states that "the calls should be deemed willful and knowing," without citing to case law or providing an explanation in support of his position. Plaintiff's Default Judgment Motion, ¶ 4. With nothing but Plaintiff's self-serving remarks, I cannot find that Capital was more than negligent in violating the TCPA. Thus, the Court declines to grant treble damages, and, instead, finds that Plaintiff is entitled to the regular amount of $500 under both 47 U.S.C § 227(b)(3) (the automated call subsection) and 47 U.S.C § 227(c)(5) of the TCPA for each alleged telephone call, totaling $21,000, [5] and $400 in costs for his filing fee, [6] for a total of $21,400.

Accordingly,

The Court having reviewed Plaintiff's submissions in connection with the motion, pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown:

**IT IS** on this 30th of December, 2019,

---

227(b)(3) and § 227(c)(5),] even if both violations occurred in the same telephone call."); *see also Shelton v. FCS Capital LLC*, No. 18-3723, 2019 U.S. Dist. LEXIS 213179, at *7 (E.D. Pa. Dec. 11, 2019) (awarding damages pursuant to the TCPA for each alleged violation of § 227(b)(3) and § 227(c)(5)).

[5] Although Plaintiff requests a hearing to ascertain damages, such a proceeding is not required, because he is only entitled to statutory damages, as explained in this Order, and has made no claims for actual damages.

[6] In addition to an award of $21,000, Plaintiff is entitled to recoup his $400 filing fee. Although Plaintiff also requests $600 in traveling expenses and service costs, at no point was he required to travel in order to litigate this proceeding, and, he has not explained his "service" costs. Therefore, Plaintiff's additional requests for traveling expenses and service costs are denied.

**ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** and **ADJUDGED** that Capital is liable to Plaintiff in the amount of $21,400.

**ORDERED** that this case shall be marked **CLOSED**.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge